UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE R. OLSON, | : | |
|     Plaintiff | : | |
| v. | : | Civil No. 06-565 (JR) |
| | : | |
| UNITED STATES, | : | |
|     Defendant. | : | |

MOTION TO DISMISS

Defendant respectfully submits this motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1), (3), and (6).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451048
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20001
(202) 514-6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE R. OLSON,<br>    Plaintiff<br>v.<br><br>UNITED STATES,<br>    Defendant. | :<br>:<br>:   Civil No. 06-565 (JR)<br>:<br>:<br>: |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Plaintiff is an inmate incarcerated at the Federal Correctional Institution in Miami, Florida. Complaint at p. 1. In 1991, the United States District Court for the Northern District of Illinois sentenced him to 27 years incarceration for violations of 21 U.S.C. §§ 846 and 841. Inmate Data sheet. Beginning in 1996, plaintiff filed several unsuccessful motions to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. See PACER docket sheet in Olson's criminal case, 90-Cr-577 Pacer Docket sheet at Docket Entry Nos. 149-50, 163-64, 174-78, 186, 195, 198, 200, 207 and Pacer Docket Sheet for one of Olson's 2255 motion, 01-1556 Pacer Docket sheet at Docket Entry Nos. 1-2, 8.

On April 14, 2003, Olson filed a complaint in the Middle District of Florida titled "Omnibus Federal Questions and Suit for Declaratory Judgment in Three Parts." 03-0128 Complaint at p. 1. Plaintiff alleged that

>1) the federal drug statute, 21 U.S.C. § 841(a)(1), is a forged and altered instrument because West Publishing Company included the sub-heading "unlawful acts" to the statute and that the sub-heading was never approved by Congress, see Doc.#1 at 4, 6-17, and, therefore, all federal prosecutors who present indictments for violations of section 841(a)(1) and all federal district court judges who honor the such indictments are jointly guilty of uttering forged and altered instruments [ 3-0128 Complaint at pp. at 16-17]; and

>2) section 841 (a)(1) lacks a constitutional nexus over persons not registered

> pursuant to 21 C.F.R. 1300.01 et seq. and that indictments alleging violations of section 841 (a)(1) are invalid for such reason, [3- 0128 Complaint at pp. at 4-5, 18-31];
>
> 3) section 841(a)(1) is not a common law statute applicable to all persons, see Doc.#1 at 5, 32-44, and, therefore, Olson has never been accused or convicted of a true crime against the United States [3-0128 Complaint at p. 41]; and
>
> 4) Olson's indictment should be dismissed as void and invalid on account of the prior three reasons and he should be set free immediately, [3-0128 Complaint at 44].

See also 03-0128 Order at p.1-2.  By order dated December 11, 2003, the case was dismissed with prejudice, because although depicted by plaintiff as a request for declaratory relief the real purpose was to attack his conviction and sentence.  *Id.* at p. 3.

On June 18, 2004, plaintiff and his co-defendant filed in the Middle District of Florida a petition for writ of habeas corpus under 28 U.S.C. §2241.  04-0246 Petition.  The petition asserted that "This Court has jurisdiction to determine whether or not . . . Petitioners Olson and Morris are imprisoned by virtue of a 'nonexistent-offense.'" *Id*. at p. 3.  It alleged that

> Title 21, U.S.C. § 841 (a)(1) . . . is a "forged and altered" instrument, never approved by Congress. . .and therefore, without force of law. . . .
>
> Neither the government's indictment . . .nor the statute. . .identifies a nexus to the Constitution for federal jurisdiction over "any person" not registered . . .or under contract for federal jurisdiction. . . .
>
> Neither the government's indictment . . .nor the statute. . .either "informs' or identifies, with certainty and precision, the nature of any "crime" against anyone in particular. . .much less. . .against the United States and Interstate Commerce.

*Id* at pp. 4-5.

On June 24, 2004, the court entered an order dismissing the petition with prejudice.  04-246 Order.  The court found that although the action was depicted as an action for relief under

§2241, that plaintiff's real purpose was "to attack the validity of Petitioners convictions and sentences by attacking the constitutionality of the statute under which they were convicted." *Id*. at p. 3.  The court stated that "The constitutionality of the statute under which the Petitioners were convicted and sentenced is an issue that should have been addressed at the time of trial, on direct review, or in a motion pursuant to 28 U.S.C. §2255. *Id*. at pp. 3-4.   The court also noted that based on its prior decision in 3-cv-128, "Petitioner Olson was well aware of the fact that the filing of these claims under §2241 would be improper." *Id*. at p.4 fn.3.

On September 6, 2005, plaintiff filed in the Northern District of Illinois a petition for a writ of habeas corpus pursuant to the All Writs Act.  05-5099 Petition.  Among other matters plaintiff alleged that

> The statutes utilized by the government to arrest, prosecute, and imprison Olson are not "offenses against the United States" . . .they are "violations" of the "rules and regulations promulgated" by the Attorney General . . .without force of law over Olson! [*Id.* at p. 14-15].
>
> Whether the government's failure to "inform" Olson of the "nature of the accusation" was fatal, doesn't matter [*Id.* at 15].
>
> Whether there is any Congressionally enacted federal criminal statute, or laws of the United States. . .that would make it a federal crime for Olson to distribute anything not expressly prohibited or forbidden by law . . .doesn't matter. [*Id.* at 15-16].

On September 20, 2005, the court entered an order summarily dismissing the petition.  05-5099 Order.  The court set forth plaintiff's motions history in that court, including motions to vacate, set aside and correct his sentence, and a § 2255 motion which was dismissed for lack of jurisdiction because he had not been approved to proceed by the Court of Appeals. *Id.* at p. 1. The court found that despite what plaintiff called his petition, it fit within the ambit of a motion to

3

vacate his sentence pursuant to § 2255. *Id*. at p. 2. Since Olson already has filed a §2255 motion, the district court cannot entertain a successive motion filed under § 2255 unless Olson has the successive motion certified by a panel of the Seventh Circuit. *Id.* On January 26, 2006 the Seventh Circuit entered an order affirming the District Court's Judgment. 7th Circuit Docket at entry dated 1/26/06.

On March 24, 2006, plaintiff filed the instant action. 06-565 Complaint. It is titled "a Federal Question pursuant to Title 28 U.S.C. § 1331 and 1343(a)(3) and Civil Suit for Declaratory Judgment pursuant to Title 28 U.S.C. § 2201. 06-565 Complaint at p. 1. Plaintiff states

> This action arises due to the ambiguity of federal jurisdiction over "any person" under Title 21 United States Code Section 841. . . ." [6-565 Complaint at p. 2]
>
> There is no definition for the term or phrase "any person . . .and yet . . .The term "any person" is the only two words of 34-words in the text of the statute of § 841(a)(1) advertised by the judicial and operated by the Executive to "imply" federal jurisdiction and Federal Police Power over every single person on this Planet! [*Id.* at p. 3]
>
> A violation of Title 21 U.S.C. § 841(a)(1) is not an offense against the "laws of the United States. . . . [*Id*. at p. 5]
>
> The plaintiff does challenge the constitutionality of [§841's] application to the "ambiguity" of "any person!" [*Id.* at p. 7].

The plaintiff requests a declaratory judgment of "Whether or not the term or phrase "any person" as used in the statute §841(a)(1) . . .constitutionally. . .encompasses every single person under federal jurisdiction and federal police power." *Id*. at p. 8.

**ARGUMENT**

**Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of

subject-matter jurisdiction.  Plaintiff has the burden to establish by a preponderance of the evidence that subject matter jurisdiction exists.  *See Fitts v. Federal Nat'l Mortgage Ass'n*, 44 F.Supp.2d 317, 320 (D.D.C. 1999), *aff'd* 236 F.3d 1 (D.C.Cir. 2001).  When a court lacks jurisdiction, it must dismiss the proceeding.  Fed. R. Civ. P. 12(b)(1).

As a ploy to evade §2255's prohibition of successive collateral attacks of his sentence and conviction, plaintiff does not ask this Court for release from prison or allege any injury to himself.  Instead, he simply asks the Court to answer a question.

By doing so he has failed to state a claim for which relief can be grant and over which the Court has jurisdiction.  As the Supreme Court has stated:

> " '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.' " *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (*quoting Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)).

*DaimlerChrysler Corp. v. Cuno* , 126 S.Ct. 1854, 1861 (2006).  The Court has emphasized that

> The "core component" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." . . .The requisite elements of this "core component derived directly from the Constitution" are familiar: "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

*Id.*

Since plaintiff has failed to allege any personal injury, there is no case and controversy and this action should be dismissed with prejudice.

**Plaintiff Is Attempting to Attack His Conviction**

It is clear that plaintiff is yet again attempting to attack his conviction by asserting that 21

5

U.S.C. §841 is unconstitutional. As set forth above several federal decisions have ruled that the federal courts cannot entertain his successive claims for collateral relief. Those decisions are res judicata, and a collateral attack against his conviction cannot be brought in this jurisdiction. See, e.g, *Allen v. McCurry* 449 U.S. 90, 94 (1980); *Polsby v. Thompson*, 201 F.Supp.2d 45, 48- 49 (D.D.C. 2002), *affirmed*, 2003 WL 22305090 (D.C.Cir. Sep 30, 2003) (NO. 03-5137). There also is no venue for such an action in this District since plaintiff was not sentenced here and is not incarcerated here. *See, e.g. Sellers v. Bureau of Prisons*, 1988 WL 105007, *1-2 (D.D.C 1998.) *affirmed by* 1993 WL 301032 (D.C. Cir. 1993).

Therefore plaintiff's claim should be dismissed with prejudice.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451048
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20001
(202) 514-6970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2006, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid to plaintiff pro se

Duane R. Olson
# 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-9800.

Rhonda C. Fields
Assistant United States Attorney

,