IN UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

FILED

APR 14  PM 1:50

DUANE R. OLSON,

                Plaintiff,

Vs.

THE UNITED STATES OF AMERICA, and
ALL GOVERNMENT LAWYER(S) REPRESENTING
THE EXECUTIVE BRANCH AS PROSECUTOR(S)
FOR THE AGENCY OF THE UNITED STATES
DEPARTMENT OF JUSTICE,

                Respondent(s).

CIVIL ACTION NO:

5:03CN 128-OC-10GRS

FEDERAL QUESTION(S)

[   28 USC 1331      ]
[   28 USC 1331(1)   ]
[   28 USC 1651(b)   ]

DECLARATORY JUDGMENT

[   28 USC 2201      ]
[   28 USC 2202      ]

# NOTICE OF COMPLAINT

## OMNIBUS FEDERAL QUESTION(S)
## and
## SUIT FOR DECLARATORY JUDGMENT
## in
## THREE PARTS

Pursuant to Title 28 U.S.C.
§§ 1331-31(1), § 1651(b), §§2201-02

Plaintiff:

Duane R. Olson  (pro-se)
Reg. No: 04931-424
P.O. Box 1032 Unit C-1 (MED)
Federal Correctional Complex
Coleman, Florida  33521-1032

## Introduction:

**COMES NOW**, the Plaintiff, DUANE R. OLSON, ( hereafter-Plaintiff or Olson) to seek this Honorable Court's DECLARATORY JUDGMENT of THREE FEDERAL QUESTION(S), Two of Constitution Law, and One, of the Laws of the United States.

Public Official(s) and Servant(s) of the People, whether Elected or Appointed, who have taken the Official Oath of Office to "uphold the Constitution" are also committed to an Individual Contract with the People to defend the Constitution for the United States.

The President of the United States, George W. Bush, has committed billions of dollars and hundreds if not thousands of lives in a WAR ostensibly due to "material breach of contract" by President of Iraq...Saddam Hussein.

There can be no question. . .The President has brought new meaning to the seriousness of the term "...[m]aterial breach of contract..."

The Plaintiff has PAID a fee of One hundred fifty dollars (150.00) to obtain this Court's DECLARATORY JUDGMENT on One Question of the Laws of the United States and Two Question(s) of Constitution Law.

The Extraordinary Nature of the Federal Question(s) raised herein, effect the Life, Liberty, and Property, of every Single Citizen of this Great Nation as well as Foreign Nationals, and—

The Plaintiff believes this Honorable Court's Opinion on

—1—

)                    )

these Question(s) are of such a magnitude of importance as to either re-affirm the Constitution for the United States, as a VALID document for governing this Great Nation, or render the Constitution impotent...another United Nations...much ado about nothing...entertaining...but not significant.

The Plaintiff believes this Court has a Contract with the People that confers a duty, and an obligation on this Court, to respond in a timely fashion to the Plaintiff's Federal Question and Suit for DECLARATORY JUDGMENT or...

The Judicial has ..."CLOSED it's doors" to it's Creator(s) and the Principle of "Justice for all". . .wherefore. . .someone needs to tell our Brave Young Men and Women in the Middle East, that **IF** they make it home...alive...the Constitution is **d e a d!**

## Parties/Plaintiff:

Named Plaintiff, DUANE R. OLSON is a Natural born Citizen of the Sovereign State of New York and Veteran of the United States Armed Services; now housed at the Federal Correctional Complex, Coleman, Florida, as a result of a THREE COUNT grand jury Indictment, alleging "violation(s)" of Title 21, United States Code, Section(s) 841(a)(1) and 846.

## Parties/Defendant(s):

**(A)** Defendant, The United States of America, and it's Government Employee(s), is the enforcer of all federal law "violations" and is the Authority under which Sentences of Imprisonment were Imposed upon Plaintiff, DUANE R. OLSON. The United States of

America is sued in it's Integral and Official Capacity regarding the Federal Question(s) and Suit for DECLARATORY JUDGMENT herein.

**(B)** Defendant(s), **ALL** Government Lawyer(s) and Prosecutor(s), for the Agency of the United States Department of Justice, are sued in their Integral and Official Capacity herein.

### Jurisdiction:

The Plaintiff believes he is being **denied** his Liberty in violation of the Laws of the United States, and in violation of the Plaintiff's Perpetual Protections in the Constitution by virtue of a convoluted process Designed Specifically to veil an **UN**constitutional ACT of Nationwide Prohibition . . . a matter entirely and strictly forbidden by the Constitution for the United States.

- The Federal Question(s) raised herein, are of an Extra-ordinary Nature and **UN**deniably present this Honorable Court with a Certifiable Question of Case and Controversy, and...

- The Official Judicial Oath of Office to "uphold and defend the Constitution", is an Individual Judicial Promise and "Contract" with the People, and...

- This Honorable Court has both an Official and Individual Contract, Duty, and Obligation with the People to Hear and Answer the Plaintiff's Complaint, "...[f]or a redress of grievances.." and finally...

- These Federal Question(s) arise under the provisions of Title 28, United States Code, Section(s) 1331 and 1331(1) and/or Title 28, United States Code, Section 1651(b), and...

—3—

)                    )

- DECLARATORY JUDGMENT is sought pursuant to the provision of Title 28, United States Code, Section(s) 2201 and 2202.

**WHEREFORE:**

The Plaintiff, DUANE R. OLSON moves this Honorable Court to:

[1]. Issue a DECLARATORY JUDGMENT pursuant to the provision(s) of Title 28, United States Code, Section(s) 2201 and 2202, declaring Public Law: 91-513, Title II, commonly referred to as the CONTROLLED SUBSTANCE ACT, Section 401., Codified into Title 21, United States Code, Section 841(a)(1), Specifically, the Heading...

### (a)  Unlawful acts

to be a "forged and altered" bogus/counterfeit Instrument in violation of the Laws of the United States, <u>never</u> <u>Approved</u> by Congress and without "force of law" over the Plaintiff, DUANE R. OLSON and utterly invalid, void, and **UN**enforceable over "any person" who is NOT Registered or under Contract for Regulation, accused by Government Lawyer(s) and/or Prosecutor(s) of...

"...[v]iolation of Title 21, United States Code, Section 841(a)(1)"

[2]. Issue a DECLARATORY JUDGMENT pursuant to the provision(s) of Title 28, United States Code, Section(s) 2201 and 2202, declaring; Title 21, United States Code, Section 841(a)(1), **LACKS** the Essential Element of a "NEXUS" to the Constitution for federal jurisdiction over the Sovereignty of the Plaintiff, DUANE R. OLSON, or "any person" NOT Registered or under Contract for Regulation pursuant to C.F.R. Title 21 § 1300.01 et.,al. and...

)                                  )

Any federal Indictment alleging a...

> "...[v]iolation of Title 21, United States Code,
> Section 841(a)(1);"

is an **UN**constitutional   **A P P L I C A T I O N**. . .for federal juris-
diction over the Sovereignty of the Plaintiff, DUANE R. OLSON or
"any person" NOT Registered or under  Contract  for  Regualtion
pursuant to C.F.R. Title 21 § 1300.01 et.,al.

**[3]** Issue a DECLARATORY JUDGMENT pursuant to the provision(s)
of Title 28, United States Code, Section(s) 2201 and 2202,
declaring Title 21, United States Code, Section 841(a)(1), to
be a Special Purpose, or **jus singulare** statute describing the
unlawful conduct or "regulatory offense" for a "CLASS" of Person(s)
Place(s) and Thing(s),
and...

Title 21, United States Code, Section 841(a)(1) **LACKS** the
Essential Elements or constituent parts for a **jus commune** or
common-law statute that consists of  the **actus reus/mens rea** or
**"nature"** and **"cause"** of the **"accusation"**...

- Necessary to answer the Mandates of the Sixth Amend-
  ment, and...
- Necessary to define a "complete-crime", and...
- Necessary for the Prosecution to prove beyond reasonable
  doubt to sustain a conviction,

over the Plaintiff, DUANE R. OLSON or "any person" accused of a
"crime" against the United States.

—5—

# PART I

# TITLE 21, U.S.C. § 841(a)(1)

# is a

# "FORGED AND ALTERED INSTRUMENT"

### FIRST CAUSE OF ACTION

The conduct complained of and incorporated in the FIRST CAUSE OF ACTION herein, demonstrates that the Defendant(s), The United States of America, and, ALL Government Lawyer(s) Representing the Executive Branch as Prosecutor(s) for the Agency, The United States Department of Justice, have, whether by Intent, Ignorance, or Incompetence, UTTERED a "forged and altered" bogus/counterfeit Instrument Identified as Title 21, United States Code, Section 841(a)(1), in violation of the Laws of the United States to "take-away" the Life, Liberty, Property and Pursuit of Happiness contrary to the Plaintiff's Guarantees of the Declaration of Independence, the Perpetual Protection(s) of the Constitution for the United States and the Guarantee(s) of the Fifth Amendment for "due process of law..."

That the "forged and altered" HEADING of the statute, Title 21, United States Code, Section 841., to witness below...

— (a)  Unlawful acts —

—6—

renders any federal Indictment accusing DUANE R. OLSON or, "any person" of a "...[v]iolation of Title 21, United States Code, Section 841(a)(1)"...utterly invalid...UNenforceable...NULL and VOID!

<u>The Plaintiff, DUANE R. OLSON, hereby alleges and Complains</u>:

I.   That sometime <u>after</u> the enactment of Public Law: 91-513, on October 27, 1970, and <u>before</u> or <u>during</u> the Codification of Title II, PART D, Section 401., into Title 21, United States Code, Section 841...

A Person or Person(s), Public Official or Official(s), Public Servant, or Servant(s), yet to be Identified...

Did knowingly, willfully, and with Malicious Intent... abuse Public Law: 91-513, and...

"FORGE" the Caption of Title II, PART D. Section 401., by <u>inserting</u> the phrase or caption...

— <b>Unlawful acts</b> —

as the HEADING of Title 21, United States Code, Section 841, in violation of the Laws of the United States.

II.   And twenty-five years later, in 1996, A Person or Person(s), Public Official or Official(s), Servant or Servant(s) "<u>altered</u>" the indefinitive article (a) by moving (a), to prefix the Title and HEADING already "forged" as witness below...

— <b>(a) Unlawful acts</b> —

## FIRST CAUSE OF ACTION

ISSUE I.  <u>Argument/Evidence in Support of</u>:

On April 1, 2003, Plaintiff Olson received copies of the Federal Criminal Code Book from the Library of Congress Identified hereafter as **EXHIBIT [1-2-3]**.

Title 21, United States Code, Section 841(a)(1), **1995** Edition of Federal Criminal Code and Rules, WEST Publishing is shown below in pertinent part as **Figure I**.

**Figure I**

---

PART D—OFFENSES AND PENALTIES

§ 841.  Prohibited acts A

Unlawful acts

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

---

On March 3, 2003, Plaintiff Olson received a copy of the CONGRESSIONAL RECORD, September 24, 1970, identified hereafter **EXHIBIT [4-5]**, and shown below in pertinent part as **Figure II**.

**Figure II**

---

The Clerk read as follows:

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

---

The reader will note that the "LAW" enacted by Congress, as read by the Clerk in **Figure II**, **does not** have the HEADING:

## — Unlawful acts —

On December 17, 2002, the Plaintiff — received a copy of the FEDERAL REGISTER of Public Law: 91-513, October 27, 1970, p.1260, Identified herein as **EXHIBIT [6]-[7]**, and shown below in pertinent part as **Figure III**.

### Figure III

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

On January 16, 2003, the Plaintiff — received from the NATIONAL ARCHIVES, a "RED-LINE" copy of the Original Bill, **H.R. 18583,** commonly referred to as the Controlled Substance ACT of 1970, Signed by President Nixon, Senate President Agnew, and Speaker McCormack Identified herein as **EXHIBIT [8]-[9]-[10]** and shown in pertinent part below as **Figure IV**.

### Figure IV

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

—9—

The reader will again make note — Figure(s) II, III, and IV, indicate NO HEADING — **Unlawful acts** — as shown in the Codified statute Title 21, United States Code, Section 841(a)(1), compared in **Figure I** below.

Statute: 21 § 841(a)(1)       **Figure I**

PART D—OFFENSES AND PENALTIES

§ 841.  Prohibited acts A

Unlawful acts

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

CONGRESSIONAL RECORD       **Figure II**

The Clerk read as follows:

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

FEDERAL REGISTER       **Figure III**

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

ORIGINAL BILL       **Figure IV**

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

The Original version of the Controlled Substance ACT of 1970, passed by the Ninety-First Congress and Signed into Public Law: 91-513, by President Nixon on October 27, 1970, **did not affix** the HEADING — **Unlawful acts** — to Section 401., PART D, Title II of the ACT...

Nor, was the HEADING — **Unlawful acts** — in any subsequent Amendment(s) to the CSA.

Rather...a careful examination of the FEDERAL REGISTER, Identified herein as **EXHIBIT [11],** and in pertinent part (X2) below as **Figure V**, reveals that the term — **Unlawful acts** — is a **margin note** simply for user convenience...**converted** by someone Clerk, Publisher, Proof-reader...someone... into a subsection HEADING — **Unlawful acts** — **never** Officially Adopted or Approved by Congress!

**Figure V**

| >>>>>>>>> | ——————— | purpo |
| >>>>>>>>> | Unlawful acts | and of |
| >>>>>>>>> | | (e) |
| >>>>>>>>> | ——————— | forms |
| | | other |
| | | condu |

("This subchapter", referred to in the text of the statute, was in the original, "this title")

There can be no doubt. . . the **un**authorized "insertion" of the term — **Unlawful acts** — renders Title 21 U.S.C. § 841(a)(1), a "FORGED" Instrument!

) )

ISSUE II.    **Argument/Evidence in Support of**:

For twenty-five years, until and including the year of 1995 the "forged" HEADING of the codified statute,  Title 21, U.S.C. § 841(a)(1) remained the same as **Figure I.**, Id. @ p. —8— .

Sometime **after**  the publication of the **1995** Edition of the Federal Criminal Code and Rules, and **before** the **1996** publication of the Federal Criminal Code and Rules, Identified hereafter as **EXHIBIT [12-13]**...

Some Person  or  Person(s), Government Employee(s) or WEST Publishing Employee(s)...someone...whether by Intent, Ignorance, or Incompetence...**removed** the article **(a)** from the start of the text  of  the  statute, as in **"(a) Except",** and **re-installed** the letter **(a)** as a pre-fix to the "forged"  HEADING of the statute — **(a) Unlawful acts** — in pertinent part below in **Figure VI.**

**Figure VI**

PART D—OFFENSES AND PENALTIES

**§. 841.  Prohibited acts A**

`(a) Unlawful acts

  Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

The "forged and altered" HEADING of the statute; Title 21, § 841(a)(1),  has  remained  unaltered  from **1996** for eight (8) years up to and including the 2002 Edition.

Comparing the statutes of Title 21, U.S.C. § 841(a)(1), **(1995-Figure I/1996-FigureVI)**, we learn that the "forged" term, — **Unlawful acts** — has now been "altered" and "moved" from center, to the far left of the HEADING and the indefinitive article **(a)** has been "altered" and "moved" to pre-fix the "forged and altered" HEADING — **Unlawful acts** — as in...

— **(a)  Unlawful acts** —

**1995 Edition: Federal Criminal Code and Rules**: WEST PUBLISHING

**Figure I**

PART D—OFFENSES AND PENALTIES

§ 841.  Prohibited acts A

Unlawful acts

**1996 Edition:  Federal Criminal Code and Rules**: WEST PUBLISHING

**Figure VI**

PART D—OFFENSES AND PENALTIES

§. 841.  Prohibited acts A

(a) Unlawful acts

The "forged and altered" instrument identified in the Federal Criminal Code and Rules, as Title 21, United States Code, Section 841(a)(1) has **never** been Officially Adopted or Approved by Congress and is a violation of the Laws of the United States.

**—13—**

**Jefferson's Manuel**: Sec., XVI — ORDER Respecting Papers

§352.
"After a bill is engrossed, it is put into the Speakers hands, and he is not to let any one have it to look into." (Town, col. 209)

ft.n.
"...[i]t is highly censurable in any Member or Officer of the House to make any change, even the most unimportant, in any bill or resolution which has received the sanction of this body". (III, 2598)

---

The Honorable Chief Judge Edward Becker, 3rd Circuit Court of Appeals, addressed the foregoing matter in U.S. v. Vazquez; 271 F.3d 93 (3rd Cir. 2001) Identified herein as **EXHIBIT [14]** and in pertinent part, Quote...

"Unfortunately, when the CSA was reproduced in the United States Code, the margin notes were converted into subsection headings . . . [b]ut have never been officially adopted by the Congress, and, therefore, do not have the force of law".

---

Clerk(s), Government minion(s), proof reader(s), even Member(s) of the Revision and Codification Committee on the Judiciary... **DO NOT MAKE LAW** ...Congress does!

)                                    )

**Summary**:

The Plaintiff, DUANE R. OLSON, has Presented this Honorable Court, with the prima facie evidence of Official Government documents, that are crystal-clear in their simplicity, and definitve in their finality of conclusion:

Whether by Intent, Ignorance, or Incompetence, and whether by orchestration, conspiracy, or accident...the facts are...

A Person or Person(s), Public Official or Official(s), Elected or Appointed, from Government Agency(s) or the Private Sector, (WEST PUBLISHING) have; on two separate and distinct occasions..."forged and altered"...the penal statute identified as Title 21, United States Code, Section 841(a)(1), a **crime** against the United States of America, cognizable in a United District Court...this United States District Court... and...

Whether or not, the Plaintiff has selected the "proper" statute to file this COMPLAINT and suit for DECLARATORY JUDGMENT is pomp and circumstance...it is an undeniable fact, that...

The Three Branches of the Government of the United States, The Legislative, The Executive, and The Judicial, are acting in concert and with malicious intent to..."take-away"... the Life, Liberty, Property, and the Pursuit of Happiness, from Plaintiff DUANE R. OLSON, and the People...with a "forged and altered Instrument" uttered as being under color of law...

## THAT IS NO LAW AT ALL!

—15—

)                                    )

After  the date this COMPLAINT,  FEDERAL QUESTION(S),  and

Suit for DECLARATORY JUDGMENT is entered and docketed in United

States District Court, Middle District of Florida, Ocala Division,

and the Appropriate Public Official(s) and Private Person(s) are

Served with Certificate of NOTICE, then...from that day forward

ANY  Lawyer  Representing  the  Executive  Branch  of  the

Government of the United States  and acting as a Prosecutor for

the Agency of the United States Department of Justice who would

knowingly,  willfully, and intentionally, Present a federal in-

dictment; in **"any"** United States District Court,  alleging **"any**

**person"**  to  be in ". . .[v]iolation of Title 21, United States

Code, Section 841(a)(1)...

That Government Lawyer is GUILTY of "<u>uttering</u>"  a  "forged  and

altered instrument", a violation of the Laws of the United States

and doing so with malicious intent to abuse Public Law: 91-513;

and...

That  Government Lawyer is in Individual and Personal "material

breach of contract" with the People . . . to uphold, defend and

protect the Constitution for the United States...and places h/her

Sovereign Immunity in grave jeopardy...

**Moreover**:

**ANY** inferior court, ie.,  United  States  District  Court,

Representing the Judicial Branch of the Government of the United

States, who would knowingly, willfully and intentionally, **HONOR**

such  a fraudulent and altered instrument alleging **"any person"**

to be in "...[v]iolation of United States Code, Section 841(a)(1);"

and...

—16—

)                                    )

**ANY** United States District Court who would knowingly and willfully HONOR such a fraudulent and altered instrument, is Individually and Personally in "material breach of contract" with the People to uphold, defend, and protect the Constitution for the United States...and therefore—places Sovereign Immunity in grave jeopardy.

Without arrogant intent, the Plaintiff would take a page from President Bush's Saddam Hussein "play-book"...

The Public Official(s) of the Three Branches of the Government of the United States, have Pledged an Offical Oath and Signed an Individual Contract of Responsibility and Accountability with the People. . .Promising to uphold and defend the Constitution for the United States...

It is not: the Plaintiff's Responsibility to pursue this "Extraordinary Issue" of the "forgery" of a Congressionally enacted Law...

It is the Responsibility of those Public Official(s) under CONTRACT with the People to "come forward" and pursue the prima facie evidence of "crimes" committed and ongoing against the United States and "We the People"...anything less...would be in "material breach of contract".

---

**The Plaintiff, DUANE R. OLSON**; Sues for DECLARATORY JUDGMENT; Title 21, United States Code, Section 841(a)(1), is a "forged and altered Instrument". . .and any federal Indictment accusing **"any person"** of a "violation" of said statute is **NULL and VOID!**

---

# PART II

# CONSTITUTION LAW

# Vs.

# TITLE 21, U.S.C § 841(a)(1)

**Introduction/Disclaimer:**

The following Argument(s) and prima facie evidence in support of the foregoing COMPLAINT and SUIT FOR DECLARATORY JUDGMENT, **does NOT** address Congressional Intent because "Intent" per-se is irrelevant to the Federal Question(s) of Constitution Law raised herein, and...

The Evil(s) of drugs and narcotics are irrelevant to the Federal Question(s) of Constitution Law raised herein, and...

The conduct of the Plaintiff, DUANE R. OLSON, or, **"any person"**, Citizen or Foreign National, is **NOT** addressed herein, again, irrelevant to the Federal Question(s) of Constitution Law raised herein, and...

**It is NOT necessary** for the reader to be "creative" to interpret the Federal Question(s) raised herein, but...

**IT IS** necessary for the reader to exercise "Strict-Construction" for interpretation that considers **ONLY** the literal words of the text of the statute, 21 § 841(a)(1), as a penal sanction to "take-away" the Life, Liberty, and Property of the Plaintiff, DUANE R. OLSON, or...**"any person"**!

—18—

)                                  )

## SECOND CAUSE OF ACTION

**Primer:**

Albeit that the HEADING —— **(a) Unlawful acts** —— of the statute, 21 § 841(a)(1) is "forged and altered," the statute itself has been structured or re-structured, as the "house that Jack built", and presented by government lawyer(s) as a federal law of NATIONWIDE PROHIBITION constitutionally enacted to fight America's "WAR on DRUGS", and...

Albeit that **any** ACT of NATIONWIDE PROHIBITION is a matter beyond the Power of Congress, Title 21§841(a)(1) has absolutely **no force of law**...constitutionally...over Person(s), Place(s), or Thing(s) NOT Registered or under Contract for federal juris- diction...it's **ALL** "Smoke and Mirrors"..."Presentation"!

It is well settled law, that the Republic of the United States is a Government of Enumerated Powers, Article I, Section 8, of the Constitution for the United States, and...

That doctrine of Enumerated Powers, posits that the federal government **does not have**, in **any** of it's branches, **any** inherent or intrinsic domestic governing power over **"any person's"** Sovereignty, and...

Drugs and Narcotics are **NOT** one of the "subject matters" or "legitimate" federal concerns that the Enumerated Powers designate Congress competent to govern.

Presumedly, the law-makers of the Legislative Branch know how to write a law, that complies with the Mandates of the People's Perpetual Protection(s) in the Constitution for the

—19—

United States and the Guarantee(s) as defined in the Amendments but, the seductive use of words placed strategically in phrases, whether by Intent, Incompetence, or Ignorance, have camouflaged and obscured the True Meaning of the statute, Title 21, United States Code, Section 841(a)(1).

---

The conduct Complained of and Incorporated in the SECOND CAUSE OF ACTION herein, furnishes a demonstration of Argument that forces the conclusion that the Ninety-First Congress knew they could NOT enact drug legislation that would operate in the manner of a NATIONWIDE PROHIBITION and indeed...Congress did not!

The Executive Branch knew, or should have known, that Title 21, U.S.C. § 841(a)(1), does not indicate the Essential Element of a nexus to the Constitution for federal jurisdiction over "any and every person" in this Great Nation;

And the Judicial Branch knew, or should have known, that federal courts are "presumed" to be without jurisdiction to commence proceedings until the moving party establishes "...(t)o the court's satisfaction..." that the court does indeed, have jurisdiction over the subject matter at bar.

Still, the Executive Branch has conducted America's "WAR on DRUGS" as though Title 21 U.S.C. § 841(a)(1) was an **AMENDMENT** to the Constitution, "ratified" by the States, for a NATIONWIDE ACT OF PROHIBITION for drugs and narcotics, in a manner that can only be described as an Act of TYRANNY and TERRORISM, while the "movers and shakers" of Congress and the "intellectuals" of the Judiciary applauded.

—20—

)                    )

The Plaintiff or "any person" of reasonable thinking powers would be hard-pressed to presume or even imagine... that all of these government "lawyer(s)" would only NOW...with this Suit... become aware of such an assault on the Constitution and wanton mis-carriage of justice...truly...A Malicious Abuse of Public Law 91-513...with Intent!

---

The Plaintiff, DUANE R. OLSON, hereby alleges and Complains:

I.    That the regulatory-statute, Title 21, United States Code, Section 841(a)(1), is an imperfect-statute without force of law over the Plaintiff or "any person" NOT Registered or under Contract for federal jurisdiction.

II.    Government Lawyer(s) have Presented Title 21, United States Code, Section 841(a)(1), to the grand jury, the accused, the district court, and the petite jury, as though 21 § 841(a)(1), were a common-law crime, or an Amendment to the Constitution for the United States, for an ACT of PROHIBITION...**IT IS NOT!**

III.    The ambiguous term "any" as in "any person", **cannot** be used to **E X P A N D** the jurisdiction of a regulated "CLASS" under the Enumerated Powers and moreover..."any person" where? Texas, The United States, North America, The Planet Earth...or **all** inclusive with the Moon, Stars, and Heavenly bodies??

---

—21—

ISSUE I.   <u>Argument/Evidence in Support of:</u>

<u>At the outset:</u>

The Plaintiff would draw this Honorable Court's Attention to the Legislative History of **H.R. 18583**, Idenitifed as the CONTROLLED SUBSTANCE ABUSE and PREVENTION ACT, **EXHIBIT [15]** herein; and reproduced in pertinent part below in **Figure I.**

<strong>Figure I</strong>

---

### PART D—OFFENSES AND PENALTIES

Section 401.  Prohibited acts A—Penalties

Section 401(a).  This section makes it unlawful for a person to knowingly or intentionally (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, except as authorized by this title; or (2) create, distribute, dispense, or possess with intent to distribute or dispense, a counterfeit substance.

---

The Plaintiff would invite the Court to pay particular attention to the phrase;

**"...[e]xcept as authorized by this title;..."**

as it appears at the "<u>end</u>" of Item **(1)**.   |Boxed for ident.|

When one reads Section 401, with the rest of the entire ACT, especially, the Legislative History...it <u>never</u> even occurs to the reader that the "unlawful acts" of Section 401., would apply to any other entity than those Person(s), Place(s) or Thing(s) referred to in the **T I T L E** and Registered by the Attorney General.

But, the Committee on the Judiciary "tinkered" with the phrase moving it from the "<u>end</u>" of Item **I.**, to the "<u>begining</u>" of the text changing the word "title" to "subchapter".

—22—

While the "change" referred to was approved by Congress and Signed into Law by President Nixon...the new "location" of the phrase; now presents an opportunity to obscure or hide the "<u>real</u>" meaning and intent of Congress.

When One dismantles the text of Title 21 § 841(a)(1), **Figure II**, below, for "Strict-Construction", careful analysis and interpretation, it reveals the astonishing fact; the federal jurisdiction over **"any person"** I M P L I E D in the text is **illusionary**...non-existant . . . a mirage...and the statute 21 § 841(a)(1) in legal terms is an "imperfect-statute" without force of law over **"any person"** NOT Registered or under Contract for federal jurisdiction.

**Figure II**

---

PART—D OFFENSES AND PENALTIES

841. **Prohibited acts A**
(a) **Unlawful acts**
Except as authorized by this subchapter, it shall be unlaw-
ful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess
with intent to manufacture, distribute, or dispense a con-
trolled substance;

---

The Plaintiff is satisfied that the Court would agree, the text of the statute above, need not, indicate a "nexus" to the Constitution for federal jurisdiction over the "CLASS" of Person(s), Place(s), and Thing(s) Registered in a "closed-system" of Commercial Traffic in drugs and narcotics...

And indeed, the Plaintiff is equally satisfied, that the Court would agree, there **is no** identifiable language in the text of the statute below...that would indicate a nexus to the Constitution's Eighteen Enumerated Powers of Art. I., Sec. 8 for federal jurisdiction over **"any person"** in the entire Nation.

**Figure II**

---

PART—D   OFFENSES AND PENALTIES

841.  Prohibited acts **A**

(a)  Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture,  distribute, or dispense a controlled substance;

---

**THEREFORE**: A federal indictment alleging the Plaintiff, DUANE R. OLSON Identified by Indictment **EXHIBIT [16–17]** or **"any person"** NOT Registered or under Contract for federal jurisdiction to be in"...[v]iolation of Title 21, United States Code, Section 841(a)(1); is **really** alleging the Plaintiff and/or **"any person"** "accused"...to be in "...[**v**]iolation of...

(a)  Unlawful acts,

(1) to possess...[w]ith intent to distribute. . . [a]  controlled substance..." whatever that might mean?

The  text of a federal indictment's "accusation" as demonstrated once again above, has absolutely **NO** "constitutional-jurisdiction" over the Sovereignty of the Plaintiff's or "any person's" activities whether the subject matter be..."controlled

)                    )

substance"...Cabbage...Cognac...or Cocaine!

(a)  Unlawful acts...

     "...[i]n violation of...(t)o possess...[w]ith intent  to

distribute...[a] controlled substance;"

_____

ISSUE II.  <u>Argument/Evidence in Support of</u>:

     Since there  is  no identifiable nexus to the Constitution

for federal jurisdiction  over  the  Plaintiff,  it  should  be

obvious to the reader, that  the  **ONLY** word that **might**  imply

federal jurisdiction over the  Plaintiff's  conduct is the term

**"any"** as in "...[i]t shall be unlawful for  **'any person'**..."

     Congress can and does,  enact NATIONWIDE LEGISLATION, ie.,

The Firearms ACT,  that  also act as "mini-prohibitions" for  a

"CLASS" of Person(s) such as convicted felons or minor children.

     Conversely, in the case at bar, by clever manipulation, the

Government's Lawyer's have re-fashioned the regulatory-statute,

21 § 841(a)(1), into a NATIONWIDE ACT of PROHIBITION for...**"any**

**person"** NOT Registered...a matter forbidden by the Constitution

... and... Presenting the statute as an..."Amendment"... to the

Constitution...ratified...as a NATIONWIDE ACT of PROHIBITION...

with "Exception(s)"...for Registrant(s)...**Expressly,** enacted by

Congress to conduct America's "WAR on DRUGS"...

     <u>I T  I S  N O T...A N D  C O N G R E S S  D I D  N O T!</u>

—25—

The Plaintiff would invite the Reader to examine the pertinent text of §841(a)(1) again...carefully...in four parts—

a)  "Except as authorized by this subchapeter,"
b)  "it shall be unlawful for any person to know-
    ingly or intentionally—"
c)  "to possess with intent to distribute"
d)  "a controlled substance"

Exactly...What does the statute make...**Unlawful**?

The statute **does NOT** make the "activity" of...

b)  "knowingly or intentionally"
c)  "to possess with intent to distribute"
d)  "a controlled substance"... **u n l a w f u l**...

Instead . . . the statute § 841(a)(1) makes it **unlawful** to "violate"—whatever activity is "**[a]uthorized by this subchapter**"

Now, the Question for the Reader becomes...What <u>exactly</u> is **"authorized by this subchapter"** since the statute fails to ident-ify the **"authorized"** activity?

The answer to the question of <u>exactly</u> what is **"authorized by this subchapter"**, is found at Title 21, United States Code, Section 822, to wit...

SUBCHAPTER I — CONTROL and ENFORCEMENT: PART B

§ 822.

(b)  Authorized activities

"<u>Persons registered</u> by the Attorney General under this subchapter to manufacture, distribute, or dispense controlled substances...(a)re authorized to possess, manufacture, distribute, or dispense such substances ...(t)o the extent <u>**authorized by their registration**</u> and in conformity with the other provisions of this subchapter". (Emphasis added)

—26—

)                              )

Therefore,  the text of 21 § 841(a)(1) makes it; "unlawful for any person...(t)o manufacture,  distribute,  or dispense, a controlled substance"; **"Except. . .(a)s authorized by their registration..."**

It is hornbook-law,  whenever  Congress enacts legislation to regulate a "CLASS" of Person(s), Place(s), or Thing(s)...**all others are presumed to be exempt!**
**And they are...**

The first two words of the **"Authorized activities"** in Title 21 U.S.C. § 822(b). . . **"Persons registered. . ."** <u>exempts</u> the Sovereignty of **"any person" not registered**...from the **"Unlawful acts"**, described and prohibited in the text of Title 21, United States Code, Section 841(a)(1).

Addressing  the  phrase;  "Except  as  authorized by this subchapter..."

<u>**IF**</u> the term,  "Except as authorized. . .". was intended by Congress  to  be  an **"Exemption"** for a **"CLASS"** of Registrant(s) and **only** to be applied to **"any person"** or **"every person"** within the  boundries  of  the  United  States,  it's  Territories  and Possessions...then...Title 21 § 841(a)(1) would be a NATIONWIDE ACT of PROHIBITION. . .a matter  entirely  beyond  the  scope of Congressional Power  and  <u>ONLY</u> achievable  by  the  prescribed language of the Constitution,  Article V,  and moreover, defeat Congressional Intent...

"...[d]esigned to improve the administration and reg-
ulation of the manufacturing, distribution, and dis-
pensing of controlled substances by providing for a
"closed" system of drug distribution for legitimate
Commercial handlers of such drugs."
(Leg. H. @ p.4571-72) (emphasis original)

To finish that phrase, "...[t]his subchapter..." **does NOT**
**"authorize"** ANY...Person, Place, or Thing...to traffic in con-
trolled substances...the Attorney General does!

   The text of Title 21, U.S.C. 841(a)(1), **does NOT make it**
**"...Unlawful... [t]o manufacture, distribute, or dispense, a**
**substance;"** and...

   It is **NOT** the subject matter of. . . Cabbage, Cognac, or
Cocaine that the statute makes **"Unlawful"**...

   Title 21, U.S.C. 841(a)(1), makes it **"Unlawful"** to **violate**
the regulations; **"...[a]uthorized by"** the Registration of those
Person(s), Place(s), and Thing(s)...Regulated under...Title 21,
C.F.R. § 1300.01 et.,al.!

---

ISSUE III.  **Argument/Evidence in Support of:**

   The **ONLY** word in the entire text of Title 21 § 841(a)(1)
that even might be construed to drag the Plaintiff Olson into
it's ambit or "jurisdiction", would have to be the word **"any"**.

   Addressing the phrase and word, **"any"**; "...[i]t shall be
unlawful for **'any'** person..." the word **"any"** cannot be used to
expand or enlarge the jurisdiction of a regulatory-statute to
encompass those Person(s), Place(s), or Thing(s), outside the

—28—

)                              )

"**CLASS**" to be regulated and the word '**any**' is the **only** word in the entire statute that "implies" jurisdiction over the entire population of this Great Nation!

The Executive Branch lawyer(s) have **MIS-represented** the term **"any"** as a GRANT for federal jurisdiction over **"any person"** Citizen or Foreign National in this Nation, and the adjective— **"any"**—will not pass the nexus-test by which a private person's act is considered...state action.

Moreover, Title 21, Section 802, of the ACT has no definition of the word **"any"** or the term and phrase **"any person"**.

TITLE 21 § 802.  Definition: —person—

- "addict"
- "administrator"
- "agent"
- "practitioner"
- "Secretary"
- "ultimate user"

- "regular customer"
- "regular inporter"
- "regulated person"
- "broker/trader"
- "retail distributor"

Based on Congress' careful intent to **define** those Person(s) Place(s), and Thing(s)...Practitioner...regulated-person...would it be totally irrational or preposterous to speculate that **IF** Congress intended to encompass every single person, Citizen or Foreign National, within the boundries of the United States, it's Territories and/or Possessions...

That Congress just **m i g h t** have included that "specific-definition" of **"any person"** in Title 21 § 802;

— Definition of terms —

—29—

)                                    )

Government lawyers have simply substituted the Plaintiff's name, in place of the statute's "any person", at <u>COUNT TWO</u> **EXHIBIT [16]**, for the bare-bones indictment reproduced in below in **Figure III**.

### Figure III

---

**DUANE R. OLSON and**
**GEORGE A. MORRIS,**

"...[k]nowingly and intentionally possessed with intent to distribute...[a] controlled substance...

In violation of Title 21, United States Code, Section 841(a)(1).

---

Federal jurisdiction **cannot** be "invented" to further the Whims or Moralistic desires of the Executive, no matter how important they may be...the Constitution for the United States makes federal jurisdiction clear and unambiguous... if they got it, they got it, they got it...if they don't, they don't, they don't!

<u>Summary</u>:

That the conduct complained of and incorporated in the SECOND CAUSE OR ACTION herein, and Argued with Support of prima facie evidence, demonstrates that the Defendant(s), The United States of America, and, ALL Government Lawyer(s), Representing the Executive Branch as Prosecutor(s) for the Agency, The United States Department of Justice, knew, or should have known, that Title 21, United States Code, Section 841(a)(1)...**F A I L S**...to Identify **any** "NEXUS" to the Constitution for the United States,

) ( )

for the Essential Element necessary for federal jurisdiction over the Plaintiff, or, "any person", Citizen or Foreign National, NOT Registered or under Contract pursuant to Title 21 C.F.R., Section(s) 1300.01 et.,al.

**The Plaintiff, DUANE R. OLSON**; Sues for DECLARATORY JUDGMENT;

Title 21, United States Code, Section 841(a)(1), **lacks** the Essential Element of a "nexus" to the Constitution's Enumerated Power(s), Article I, Section(s) 1 thru 18, for federal jurisdiction, and therefore; is without force of law over the Sovereignty of the Plaintiff or, "any person", Citizen or Foreign National, NOT Registered or under Contract for federal jurisdiction!

—————————

)                    )

# PART III

# FIFTH and SIXTH AMENDMENT
# Vs.
# TITLE 21, U.S.C. § 841(a)(1)

### THIRD CAUSE OF ACTION

The conduct Complained of and incorporated in the THIRD CAUSE OF ACTION, is really Constitution Law...101...

It goes without saying, that the Executive Branch Agency, The United States Department of Justice, The Attorney General, the hundred or so United States Attorney(s) and all their minions, AUSA's...Lawyer(s) all...**knew**...or should have known—

That Constitution Law and the Commands in the text of the Fifth Amendment make it crystal-clear, there are THREE THINGS the federal government **cannot** "take-away" from the People. **W I T H O U T** "due process of law"; LIFE, LIBERTY and PROPERTY...

And that "process due" is spelled out clearly and distinctly in the very next Amendment...

"...[t]he accused shall enjoy the right...[t]o be informed of the nature and cause of the accusation"
The operative word that makes the quote Mandatory in the above Guarantee of the Sixth Amendment is..."**enjoy**"!

—32—

)                    )

The Three Branches of the Government of the United States are saturated to the point of near pollution with "Lawyer(s)", and even First Year law students know, or should know, that an indictment alleging a "crime" against any Person, Place, or Thing, must "inform" [indictment] the "accused" [defendant] of **"nature"** and **"cause"** [**actus reus/mens rea**] of the "accusation"!

Government Prosecutor(s) have Presented:

The Special Purpose statute, Title 21, United States Code, Section 841(a)(1), as a common-law "drug crime" <u>concealing</u> the Identity of the Congressionally designated "victim", Interstate Commerce or Foreign Trade, in an Orchestrated Scheme to Scam the grand jury, with the illusionary notion, that the word **"any"** as languaged in the term **"any person"**, conveys federal juris- diction for Federal Police Power over the entire Nation to con- duct America's "WAR on DRUGS" which is veiled by the ambiguous term "controlled substance"...whatever that means.

The Government's bogus/counterfeit indictment(s) alleging...

"...[v]iolation of Title 21, United States Code, Section 841(a)(1)..."

by the Plaintiff or "any person", **FAILS** to Identify the **"nature"** of <u>**any**</u> crime against <u>anybody</u> and the Plaintiff, DUANE R. OLSON, has been, and continues to be, <u>**denied**</u> his unalienable right to LIFE, LIBERTY, PROPERTY, and the Pursuit of Happiness by virtue of a Phantom jurisdiction, alleging a Phantom crime, against a Phantom victim...all verified by the government's own Signed Affidavit...**VICTIM IMPACT...N O N E!**

—33—

)                    )

The Plaintiff, DUANE R. OLSON, hereby allegs and Complains:

**I.**  The statute Title 21 United States Code Section 841(a)(1), and the Plaintiff's Indictment, **lack** the constituent parts, or the essential elements of the "nature" and "cause", actus reus/ mens rea, of a complete-crime against any Person, Place, or, Thing...much less...a crime against the United States, and...

**II.**  Government Lawyer(s) Prosecuted the Plaintiff under color of law or "authority"...

   **a)**  that the Congressionally designated "victim" Interstate Commerce, had been "substantially and directly" "effected", "obstructed", "impeded", or otherwise "injured", by the Plaintiff's conduct and...

   **b)**  Government Lawyer(s) withheld or "hid" until <u>after</u> trial, the crucial and exonerating evidence in the form of a Signed AFFIDAVIT, by those <u>same</u> Government Lawyer(s), that in fact... the "victims" injury was...**N O N E!**

---

**ISSUE I.**  <u>**Argument/Evidence in Support of**</u>:

   It is well settled law...or more appropriately... chiseled in GRANITE, that there are THREE THINGS the federal government of this Young Republic **cannot** "take-away" from the Plaintiff, or "any person" **without** "...[d]ue process of law..." Guaranteed in the text of the Fifth Amendment; and the Sixth Amendment's

     "...[t]he accused **shall enjoy** the right...[t]o be
     **informed** of the nature...[o]f the accusation;"
     (Emphasis added)

**SHALL ENJOY**...makes the Guarantee **M A N D A T O R Y!**

)             )

The Plaintiff has removed "Except as authorized by this subchapter," from the statute, 21 § 841(a)(1), **Figure I**, below, because that phrase is an "Exception" and because Government Prosecutor(s) Present the statute in the fashion of a common-law crime in a bare-bones indcitment to the grand jury, the accused, the court and the petite jury, in the same manner it appears below in **Figure I**.

**Figure I**

---

### PART—D    OFFENSES AND PENALTIES

**§ 841. Prohibited acts A**

**(a) Unlawful acts**

It shall be unlawful for any person knowingly or intentionally

  **(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

---

The "statute" as it appears above is not a constitutionally enactd "law" at all...it is; A DECREE, A MANDATE, A PROCLAMATION or ORDER...Issued by A MONARCH, A KING, AN EMPEROR...or TYRANT!

It should be obvious to the Court, that as a Common-law statute, intended to encompass the Plaintiff or "any person", Title 21, §841(a)(1) <u>**lacks**</u> the constituent parts, or, Essential Elements to define a complete-crime. . .the **actus reus/mens rea** or. . ."**nature**" and "**cause**". . .that the Prosecution must prove "...[b]eyond reasonable doubt..."...to sustain a conviction.

In legal terminology then, the statute above, is an "imperfect-statute" or a law that prohibits, but does not make VOID...an objectionable transaction, that is to say...

—35—

)                                    )

The "fictional-statute" in **Figure I,** is Identical (minus
the "Exception")...to Title 21, United States Code, Section
841(a)(1) in **Figure II,** and both the fictional and the authentic
statute(s) <u>**lack**</u> the "bone-structure" to "stand-alone" as a
constitutionally enacted "crime" against any Person, Place, or
Thing...much less...a "crime" against the United States!

### Figure I

---

### PART—D  OFFENSES AND PENALTIES

**§ 841.  Prohibited acts A**
**(a)  Unlawful acts**
It shall be unlawful for any person knowingly or intentionally
   **(1)** to manufacture,  distribute, or dispense, or  possess
with intent to manufacture, distribute, or dispense, a con-
trolled substance;

---

### Figure II

---

### PART—D  OFFENSES AND PENALTIES

**841.  Prohibited acts A**
**(a)  Unlawful acts**
Except as authorized by this subchapter, it shall be unlaw-
ful for any person knowingly or intentionally—
   (1)  to  manufacture, distribute, or dispense, or possess
with intent to manufacture,  distribute, or dispense a con-
trolled substance;

---

It is not the subject-matter of marijuana, heroin, or
cocaine that has a "substantial and direct effect", upon Inter-
state Commerce. . .the Legislative History makes it's Statement

clear...it is the UNregulated Traffic in drugs and narcotics by UNscrupulous Practitioner(s) and Manufacturer(s) that Congress declared "obstructed", "impaired", "effected", or otherwise **"injured"** the victim...Interstate Commerce!

In summary then... the Government Lawyer(s) in the case at bar, have Presented the bare-bones federal indictment, in pertinent part below, **Figure III,** as a Common-law Offense...

- that does not "inform"...
- the "accused"...
- of the "nature"...
- of "any crime"...
- against "anyone"...
- much less, against the United States...

to "take-away" the LIFE, LIBERTY, and PROPERTY of the Plaintiff DUANE R. OLSON a clear and conclusive violation of the Plaintiff's or "any person's" Fifth and Sixth Amendment's Guarantee of "due process of law" . . . to be "informed" of the "nature" of the "accusation"!

**Figure III**

---

**DUANE R. OLSON and**

**GEORGE A. MORRIS,**

"...[k]nowingly and intentionally possessed with intent to distribute...[a] controlled substance....

In violation of Title 21, United States Code, Section 841(a)(1).

---

The Plaintiff would invite the Reader to locate the "nature" of **ANY** "crime" against anyone...in **Figure III,** above.

)                              )

**ISSUE II.** __Argument/Evidence in Support of:__

The Ninety-First Congress, in order to...
>    "...[d]eal in a comprehensive fashion with the growing
>    menace of drug abuse in the United States..." (Leg.H.
>    @ p. 4567)

conducted a series of Hearings and Testimony to make the follow-

ing ── **"findings and declarations"** ── (abbreviated hereafter)

>    "'**many**' controlled substances...'**usually**' have been
>    transported or...'**commonly**' flow through Interstate
>    Commerce of which...a '**major portion**' of this traffic,
>    has a '**substantial and direct effect**' upon. . .
>    Interstate Commerce or Foreign Trade..."
>    (Leg. H. @ p.4596)

While the terms '**many**', '**usually**', '**commonly**' and '**major

portion**' may seem ambiguous and disengenuous...none the less...

the **"finding and declaration"** made by the Ninety-First Congress

were **clear and precise** on **two points**...

**1)** That Congressional "finding and declaration" determined

that the Control and Regulation of the Commercial flow of drugs

and narcotics to be a "legitimate" federal concern to protect

Interstate Commerce and Foreign Trade from "substantial and

direct"..."**injury**", and...

**2)** The Congressional "finding and declaration". . .that

Commercial Traffic in drugs and narcotics "substantially and

directly effect" Interstate Commerce and Foreign Trade, **CLEARLY**

establishes Interstate Commerce and/or Foreign Trade to be the

**"VICTIM"** in **any** allegation by government lawyer(s) that the

Plaintiff...or **"any person"** is in "[v]iolation of Title 21,

United States Code, Section 841(a)(1)!

Of course, Congressional Power to Register and **"regulate"** those **Person(s), Place(s), and Thing(s),** in the Commercial Flow of drugs and narcotics...

> "...[b]y providing for a 'closed' system of drug distribution for legitimate handler's of such drugs...

> [s]hould significantly reduce the widespread diversion of these drugs out of legitimate channels into the illicit market, while at the same time providing the legitimate drug industry with a unified approach to narcotic and dangerous drug control". (Leg.H.@p.4572)

In the case at bar... government lawyer(s)..**w i t h h e l d**...from the grand jury, the defense, the district court, and the petite jury, **ALL** of the foregoing elements of a Congressional "finding and declaration", that provided a **"nexus"** to the Constitution's Enumerated Power to Regulate Commerce and the Identity of the Congressionally designated **"VICTIM"**...Interstate Commerce!

The Plaintiff... would draw the Reader's Attention to the government lawyer's PRESENTENCE REPORT and attached hereto as **EXHIBIT(S) [18-19-20]** and reproduced in pertinent parts below as **Figure(s) IV, V,** and **VI.**

The government's "REPORT" provides the Plaintiff... and the Reader, with an excellent **A F F I D A V I T** prepared by government lawyer(s) furnishing conclusive evidence in support of the Plaintiff's **SECOND** and **THIRD CAUSE OF ACTION.**

It is **IMPORTANT** to remember, this document was presented **AFTER** trial and conviction by a petite jury.

—39—

EXHIBIT [18] is marked at I, II, and III, and in pertinent part below as **Figure IV**, indicates the Title of the document and the names of the government lawyer(s) who prepared the document.

**Figure IV**

| I.    PRESENTENCE REPORT | |
|---|---|
| II. ASSISTANT U.S. ATTORNEY | III. PROBATION OFFICER |
| Ronald Safer | William T. Tucker |

EXHIBIT [19] and in pertinent part below in **Figure V,** Identifies at **IV**, the extent of the **"injury"** to the **"VICTIM"** Identified by the Ninety-First Congress to be Interstate Commerce and/or Foreign Trade!

**Figure V**

| IV. | |
|---|---|
| <u>VICTIM RELATED</u>: **N O N E** | <u>0</u> |

Finally, **EXHIBIT [ 20]**, and in pertinent part, N.pg. **Figure VI**, indicates the Plaintiff...to be completely **I N N O C E N T** of **any** allegation by government lawyer(s), that the Plaintiff's conduct in the case at bar..."substantially and directly" effected obstructed, impeded, or in any other way...**"injured"** the **VICTIM** designated by the Ninety-First Congress to be...Interstate and Foreign Commerce... .and the Government's Lawyer(s) falsely Identify the "VICTIM" to be "...[n]umbered in the thousands..." that is an **extraneous result**...<u>not the crime</u>!

—40—

## Figure VI

### VICTIM IMPACT STATEMENT

IV.

The impact of drugs on our society need not be set forth here. Simply put, the defendants were attempting to profit from releasing an extremely large quantity of poison into the public. The victims of this crime would have numbered in the thousands had the CI been in the business of selling drugs.

---

The foregoing Statements in **Figure(s)** **IV,** and **V,** ... furnish this Honorable Court with the prima facie evidence of a Sworn AFFIDAVIT by two government lawyer(s) that...

Somebody's lyin'...either the Plaintiff's alleged criminal conduct substantially and directly "injured" the "VICTIM", Interstate Commerce...or it did not...

The Government's Lawyer(s) **cannot** have it both ways...they **cannot** on the one hand...**SWEAR** an "injury" to Commerce to "find" Federal jurisdiction to effect an arrest of the Plaintiff, and then, on the other hand, <u>after</u> trail and conviction, **SWEAR** there really was no victim...no injury!

The convoluted process just described and demonstrated only serves to magnify the Plaintiff's COMPLAINT now before this Honorable Court...

From start to finish...from arrest to trial and conviction ...the Plaintiff has <u>never</u> been accused of any crime against the United States, and the Plaintiff has <u>never</u> been convicted of any crime against the United States.

—41—

)                              )

The Plaintiff, DUANE R. OLSON; hereby Sues for DECLARATORY
JUDGMENT:

The Government's bogus/counterfeit indictment alleging...

> "...[v]iolation of Title 21, United States Code,
> Section 841(a)(1)..."

by the Plaintiff, or, "any person", **FAILS** to Identify the
"nature" of **any** crime against **anybody** and the Plaintiff,
DUANE R. OLSON, has been, and continues to be, **DENIED** his
unalienable right to Life, Liberty, Property, and, the Pursuit
of Happiness by virtue of a Phantom jurisdiction, alleging a
Phantom crime, against a Phantom VICTIM, verified by the Govern-
ment Lawyer(s) **OWN** Signed Affidavit...**VICTIM IMPACT...N O N E!**

---

## Conclusion:

The Plaintiff is satisfied that this Honorable Court would
agree...this was hardly the "process" the Founding Father(s) had
in mind...or "We the People" ratified...to "take-away" the Life,
Liberty and/or Property or, the Promise of Pursuit of Happiness
languaged in the Declaration of Indenpendence.

The Court will note this Pleading is VOID of "case cites"
and Supreme Court decision(s) save Chief Judge Becker's remarks
Id.@p.—14—, but the Plaintiff is comfortable with the foundation
built upon the Constitution and the Fifth and Sixth Amendments.

The Plaintiff would paraphrase Hamilton, Federalist Papers,
number(s) 78-79...

> "...[t]here is no liberty if the power of judging be
> not separated from the legislative and executive

powers... the complete independence of the courts of Justice is essential to...declare all acts contrary to the manifest tenor of the Constitution void. . .no legislative act, therefore, contrary to the Constitution can be valid...the Constitution must be regarded by the Judges as fundamental law...should there be a variance between the two...the Constitution ought to be preferred to the statute...the provision for the support of Judges bears every mark of prudence and efficacy...together with permanent tenure...the pre-cautions for their responsibility are liable to be im-peached for mal-conduct by the House...and impeached by the Senate.

---

**The Plaintiff,** DUANE R. OLSON; believes...

The criminal acts committed by either the Private Sector and/or Public Official(s) in PART I, of this ACTION, and the **UN**constitutional conduct of those Public Official(s) referred to in PART II, and III, would seem to render an apology for the editorial-content and epic nature of this Pleading unnecessary,

Still, the Plaintiff would make it known to the Court, his gratitude and appreciation for the Courts indulgence and patience required to read and opinion the Plaintiff's COMPLAINT.

This Court's action...or inaction, will determine whether or not, further litigation will be necessary to test the Sovereign Immunity of those Person(s) Responsible for this manifest mis-carraige of Justice.

The Founding Father(s) provided the tools for this small but Powerful Court to review the Plaintiff's COMPLAINT herein, and the courage of Marbury v. Madison; (Feb. 24, 1803) made it possible for this Court to ACT on the Plaintiff's Suit for DECLARATORY JUDGMENT.

For the Preservation of the Constitution and the Laws of the United States, this Complaint, Federal Question(s) and Suit for DECLARATORY JUDGMENT must be answered by this Honorable Court in FAVOR of the Plaintiff and the Plaintiff's Indictment dismissed as VOID and INVALID (UNconstitutional)...

That such dismissal be done on an individual basis, and the Plaintiff, DUANE R. OLSON, be set free without delay.

In the Interest of Justice, the Preservation of the Laws of the United States and fair play...such is warranted by this Court!

Respectfully Submitted,

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 1032 Unit C-1 (MED)
Federal Correctional Complex
Coleman, Florida 33521-1032

## C E R T I F I C A T E   O F   S E R V I C E

It should be noted, that as a prisoner representing himself, this Pleading has been filed with the Court the <u>moment</u> it is delivered into the SPECIAL U.S. MAIL BOX provided for such mailings, into the control of prison authorities for the purpose of forwarding to this Court, and those listed below.

(See <u>Huston v. Lack</u>; 487 U.S. 266 (1988))

CLERK OF COURT
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
207 N.W. SECOND STREET
BOX 11
OCALA, FLORIDA  34475-6666

THE HONORABLE JOHN ASHCROFT
ATTORNEY GENERAL
ROOM 4545
950 PENNSYLVANIA AVENUE
WASHINGTON, D.C.  20530-20001

UNITED SATES ATTORNEY
P.O. BOX 600
JACKSONVILLE, FLORIDA  32201

CHIEF EXECUTIVE OFFICER
WEST GROUP
620 OPPERMAN DRIVE
P.O. BOX 64779
SAINT PAUL, MN.  55164-0779

I DO HEREBY CERTIFY AND SWEAR,

under penalty of perjury, that a true and correct copy of the foregoing, was placed in the SPECIAL MAIL BOX, postage pre-paid on this _10TH_ day of _April_____, 2008, to the above listed Parties.

Petitioner: _____
                        Signature

                        Duane R. Olson_____
                        Name
                        Reg. No:  04931-424

IN UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

DUANE R. OLSON,

         Plaintiff,

Vs.

THE UNITED STATES OF AMERICA, and
ALL GOVERNMENT LAWYER(S) REPRESENTING
THE EXECUTIVE BRANCH AS PROSECUTOR(S)
FOR THE AGENCY OF THE UNITED STATES
DEPARTMENT OF JUSTICE,

         Respondent(s).

**CIVIL ACTION NO:**

5:03CV 128 OC-10GRS

**FEDERAL QUESTION(S)**
[   28 USC 1331      ]
[   28 USC 1331(1)  ]
[   28 USC 1651(b) ]

**DECLARATORY JUDGMENT**
[   28 USC 2201      ]
[   28 USC 2202      ]

# EXHIBIT(S)



**) Library of Congress )**
*Photoduplication Service*
**101 Independence Avenue, S.E.**
**Washington, DC 20540-4570**
**FAX: 202-707-1771**
**TELEPHONE: 202-707-5640**

TO:        Ms. Goldie Parr

DATE:      March 28, 2003

FAX:       1-727-937-6172

PAGES:     27 (including cover)

FROM:      Bonnie B. Coles
           Senior Search Examiner
           Telephone: 202-707-7971

RE:        Title 21, para. 841 (a)(1)
           Federal Criminal Code Book
           1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, Rev. ed. 2002

Dear Ms. Parr:

      Attached are the requested pages for the above-mentioned. The Library does not hold as far back as 1971. Our holdings begin with 1976 through 2002. We do not have 2003 yet. Please let me know that you have received this fax. Thank you.

**EXHIBIT [1]**

# 1995 EDITION

# FEDERAL CRIMINAL CODE

## and

# RULES

### as amended to February 1, 1995

Rules of Criminal Procedure
Rules Governing Habeas Corpus Cases
Rules Governing Motion Attacking Sentence
Rules of Evidence
Rules of Appellate Procedure
Rules of Supreme Court of the United States

Title 18, Crimes and Criminal Procedure
App. I—Unlawful Possession or Receipt of Firearms
App. II—Interstate Agreement on Detainers
App. III—Classified Information Procedures Act
Title 15, Section 1644, Fraudulent Use of Credit Cards
Title 21, Chapter 13, Drug Abuse Prevention and Control
Title 26, Chapter 53, Machine Guns, Destructive Devices, and
Certain Other Firearms
Sections 7201 to 7217—Procedure & Administration,
Crimes
Title 28, Chapter 58, United States Sentencing Commission
Chapter 153, Habeas Corpus
Chapter 175, Civil Commitment and Rehabilitation of
Narcotic Addicts
Title 31, Chapter 53, Subch. II, Records and Reports on Monetary
Instruments Transactions
Title 41, Sections 51 to 58, Anti-kickback Act of 1986
Title 46 App., Chapter 38, Maritime Drug Law Enforcement
Title 49, Sections 1155, 46306 to 46316, & 46501 to 46507,
Federal Aviation Criminal Penalties

Consolidated Index

### ST. PAUL, MINN.
### WEST PUBLISHING CO.

LIBRARY OF CONGRESS
APR 24 1995
COPY.
COPYRIGHT OFFICE

4-1-03

EXHIBIT [2]

1995

PART D—OFFENSES AND PENALTIES

## § 841. Prohibited acts A

### Unlawful acts

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

### Penalties

(b) Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

(i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin;

(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—

(I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

(III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

(IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

(iv) 100 grams or more of phencyclidine (PCP) or 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP);

(v) 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

(vi) 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide;

(vii) 1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana, or 1,000 or more marihuana plants regardless of weight; or

(viii) 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $8,000,000 if the defendant is an individual or $20,000,000 if the defendant is other than an individual, or both. If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence. Any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

(B) In the case of a violation of subsection (a) of this section involving—

(i) 100 grams or more of a mixture or substance containing a detectable amount of heroin;

(ii) 500 grams or more of a mixture or substance containing a detectable amount of—

(I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and

4-1-03

EXHIBIT [3]



UNITED STATES     OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 91ˢᵗ CONGRESS
SECOND SESSION

## VOLUME 116—PART 25

SEPTEMBER 23, 1970, TO SEPTEMBER 30, 1970

(PAGES 33259 TO 34492)

Recd
3-13-03
alnee

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1970

**EXHIBIT [4]**

office the country over. This situation is both tragic and absurd. It cannot be allowed to continue.

Well, if the problem is that big and that bad, surely someone must have tried to do something about it.

The pharmaceutical companies have made an effort. The *Physicians Desk Reference*, distributed free to all physicians, contains a center section with color reproductions of a number of pills, tablets, and capsules. This is occasionally useful—but or the more than 6,200 marketed hard drug items it covers only 800, largely promotional items, and many of these still cannot be accurately identified because they are either closely similar to, or identical to, other drugs so that the picture doesn't really do any good.

Organized medicine recognized the problem and tried to do something about it in 1962. The December 23 issue of the *Journal of the American Medical Association* was devoted to the cataloging of all marketed solid drugs. They were grouped according to physical characteristics. By closely examining the drug the physician would observe and record in a code form 10 separate physical characteristics of the drug. When this was done he could refer to this code number in the catalogue and hopefully identify the drug. This approach was a failure. It was consuming and cumbersome, and even after going through all that work, too frequently the physician ran into the situation of dozens of drugs all having the same code number. For whatever this might have been worth in 1962, which wasn't very much, it is now hopelessly out of date.

The pharmaceutical industry and organized medicine have both recognized the problem—they've tried to handle it. They've failed. There is only one feasible solution to this problem and that is a universal system of drug identification under federal guidance and direction.

Well, now, that would never work—think of the organization—too many technical problems—think of the cost!

Such a system not only can be practical and effective—it is practical and effective—and here proper credit should be paid to those representatives of the pharmaceutical industry, although only a very few, which not only have recognized the importance of this problem but have noted in a truly critical fashion by responding to the need in a practical and effective manner. Eli Lilly and Company, Parke, Davis & Company, Armour Pharmaceutical Company, Merck Sharp & Dohme, Baton Laboratories, and now, thankfully beginning, Burroughs Wellcome & Co.—all are now clearly imprinting each of their marketed drugs with a code number that unmistakably identifies the drug. These companies market more than 700 different drug products including all varieties of capsules, tablets, and pills, in the full gamut of sizes. They have accomplished this task without necessity of a price increase for their products or a reduction in dividends for their stockholders. The total cost of this identification is actually measured in only pennies per thousand units of drug. No pharmaceutical company may now claim that the technical factors are insurmountable or that the cost is prohibitive. These contentions have been proven false by members of their own ranks.

You can buy a bag of sugar-coated candy with each piece clearly printed with the letter M or a roll with each wafer clearly impressed with the words Life Saver for only five pennies, and manufacturer, wholesaler, and retailer all make a profit. Drug prescriptions do not sell for pennies. Of course there are technical problems, but for $4,000,000,000 a year the American public is certainly entitled to this same protection accorded the purchaser of penny candies.

Well, do these systems really work? After all, getting a code number on a little pill—maybe nobody can read it without a microscope.

In Table 2 are the results of a study conducted a short time ago in which physicians were first asked to identify a random selection of uncoded drugs using their own recollection plus all available identification guides. Only 35% of the drugs could be accurately named and for this very poor batting average it took a mean time of more than 11 minutes for each identification. In sharp contrast is the performance with drugs branded with Lilly's "Identi-Code": 96% of the drugs were properly identified and the average time required for each identification was only 14 seconds.

With this article from the pages of the *Journal of the American Medical Association* came a clarion call for a universal system of drug identification. That was 3½ years ago, and what has been done since then in answer to this plea? These overtures for cooperative progressive social action come far too infrequently from American medicine. When they do come they must be fostered and encouraged—not ignored.

TABLE 2.—ACCURACY AND EFFICIENCY OF DRUG IDENTIFICATION BY CHANCE AND BY PLAN

| | Accuracy of identification, percent correct | Mean time to identify |
|---|---|---|
| Random drug assortment | 35 | 11 minutes, 6 seconds. |
| Drugs with "Identi-Code." | 96 | 14 seconds. |

Source: Symonds, J. U., and Robertson, W. O.: Drug Identification: Use of Coded Imprint, JAMA 199:344–605 (Feb. 13) 1967

In summary, these are the problems created by unidentifiable drug forms. First, for these patients there is a risk of serious morbidity or death; in cases of accidental drug intoxication, especially in children, a needless morbidity and mortality resulting from inability or delay in identification of the toxic agent; in patients requiring emergency surgery, the risk of needless anesthetic death or needless operative morbidity or mortality; in the comatose patient, hazardous delay and confusion in diagnosis; in any hospitalized patient, an increased risk of potentially fatal hospital drug errors. And second, for all patients the problems that the physician encounters in drug identification result in increased cost and decreased quality of medical care. We must also realize that all of these problems will be compounded in years to come, as pharmacologic research puts in our hands increasingly more active therapeutic agents.

The solution to this problem is clear. Every marketed drug and every dosage form must be clearly imprinted or impressed with a legible identifying code number. A drug identification guide with these code numbers should be supplied so all practitioners licensed to prescribe drugs, to all pharmacists, and to all hospitals. This program should be carried out under federal guidance and direction.

This last point would seem to be absolutely essential. It is completely naive to suggest that all of the many drug manufacturers, large and small, could come together in such an undertaking. This problem has been recognized for years and yet of the hundreds of pharmaceutical companies only six have seen fit to do anything about it. For such a program to succeed, federal involvement is mandatory.

Let us go back now to the scenes with which we began. But let's make just one small change in the script.

The tablets that the baby sitter brought to the hospital when little Mary Anderson poisoned are now imprinted with a code number. They are promptly identified—Mary is treated quickly and specifically—she is well and back home with her family the next day.

The pills which were found in Bill Johnson's pocket now have a clearly impressed identification code, they are immediately recognized as a synthetic adrenal steroid, and Bill receives his urgently needed cortisone preparation before and during surgery. Bill is going to his wedding even though it has had to be delayed a month.

The capsules which Susie Michaels gave to Mr. Jones and Mr. Smith are now clearly marked with code numbers which have also been written on each of their medication cards. Following the directions given to all medication nurses, Susie checks the code number on the capsule with the code number on the card and the patient's name before administering the drug. She quickly sees her error and both Mr. Jones and Mr. Smith receive the proper medication. They will both be able to return to work, supporting their families.

And so all of our stories have happy endings! Tragic endings because of problems of drug identification must be absolutely intolerable—to the physician, to the pharmaceutical industry, and most important to the Food and Drug Administration and the Congress who hold in their hands the primary responsibility for regulating the safety of the drugs we give to our patients. To these hands the torch is passed—it must not fail.

Mr. LOWENSTEIN. Mr. Chairman, I move to strike out the last word, and rise in support of the amendment.

The CHAIRMAN. The question is on the amendment offered by the gentleman from California (Mr. VAN DEERLIN).

The amendment was rejected.

The CHAIRMAN. The Clerk will read.

The Clerk read as follows:

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

(b) Except as otherwise provided in section 405, any person who violates subsection (a) of this section shall be sentenced as follows:

(1) (A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this title or title III or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term or imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

(B) In the case of a controlled substance in schedule I or II which is not a narcotic

EXHIBIT [5]

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE SECOND SESSION OF THE
NINETY-FIRST CONGRESS
OF THE UNITED STATES OF AMERICA

## 1970—1971

AND

REORGANIZATION PLANS AND PROCLAMATIONS

## VOLUME 84

IN TWO PARTS

## PART 1

PUBLIC LAWS 91–191 THROUGH 91–525



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1971

*Rec'd 12·17-02*

EXHIBIT [6]

1260            PUBLIC LAW 91-513—OCT. 27, 1970        [84 STAT.

*Forms, issuance.*

(d)(1) The Attorney General shall issue forms pursuant to subsections (a) and (c)(2) only to persons validly registered under section 303 (or exempted from registration under section 302(d)). Whenever any such form is issued to a person, the Attorney General shall, before delivery thereof, insert therein the name of such person, and it shall be unlawful for any other person (A) to use such form for the purpose of obtaining controlled substances or (B) to furnish such form to any person with intent thereby to procure the distribution of such substances.

*Fees.*

(2) The Attorney General may charge reasonable fees for the issuance of such forms in such amounts as he may prescribe for the purpose of covering the cost to the United States of issuing such forms, and other necessary activities in connection therewith.

*Unlawful acts.*

(e) It shall be unlawful for any person to obtain by means of order forms issued under this section controlled substances for any purpose other than their use, distribution, dispensing, or administration in the conduct of a lawful business in such substances or in the course of his professional practice or research.

### PRESCRIPTIONS

SEC. 309. (a) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule II, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without the written prescription of a practitioner, except that in emergency situations, as prescribed by the Secretary by regulation after consultation with the Attorney General, such drug may be dispensed upon oral prescription in accordance with section 503(b) of that Act. Prescriptions shall be retained in conformity with the requirements of section 307 of this title. No prescription for a controlled substance in schedule II may be refilled.

*52 Stat. 1040.*
*21 USC 301.*

*55 Stat. 648.*
*21 USC 353.*

(b) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule III or IV, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without a written or oral prescription in conformity with section 503(b) of that Act. Such prescriptions may not be filled or refilled more than six months after the date thereof or be refilled more than five times after the date of the prescription unless renewed by the practitioner.

(c) No controlled substance in schedule V which is a drug may be distributed or dispensed other than for a medical purpose.

(d) Whenever it appears to the Attorney General that a drug not considered to be a prescription drug under the Federal Food, Drug, and Cosmetic Act should be so considered because of its abuse potential, he shall so advise the Secretary and furnish to him all available data relevant thereto.

### PART D—OFFENSES AND PENALTIES

#### PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

# EXHIBIT [7]

# Ninety-first Congress of the United States of America

## AT THE SECOND SESSION

*Begun and held at the City of Washington on Monday, the nineteenth day of January, one thousand nine hundred and seventy*

# An Act

To amend the Public Health Service Act and other laws to provide increased research into, and prevention of, drug abuse and drug dependence; to provide for treatment and rehabilitation of drug abusers and drug dependent persons; and to strengthen existing law enforcement authority in the field of drug abuse.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Comprehensive Drug Abuse Prevention and Control Act of 1970".

## TABLE OF CONTENTS

TITLE I—REHABILITATION PROGRAMS RELATING TO DRUG ABUSE

Sec. 1. Programs under Community Mental Health Centers Act relating to drug abuse.
Sec. 2. Broader treatment authority in Public Health Service hospitals for persons with drug abuse and other drug dependence problems.
Sec. 3. Research under the Public Health Service Act in drug use, abuse, and addiction.
Sec. 4. Medical treatment of narcotic addiction.

TITLE II—CONTROL AND ENFORCEMENT

PART A—SHORT TITLE; FINDINGS AND DECLARATION; DEFINITIONS

Sec. 100. Short title.
Sec. 101. Findings and declarations.
Sec. 102. Definitions.
Sec. 103. Increased numbers of enforcement personnel.

PART B—AUTHORITY TO CONTROL; STANDARDS AND SCHEDULES

Sec. 201. Authority and criteria for classification of substances.
Sec. 202. Schedules of controlled substances.

PART C—REGISTRATION OF MANUFACTURERS, DISTRIBUTORS, AND DISPENSERS OF CONTROLLED SUBSTANCES

Sec. 301. Rules and regulations.
Sec. 302. Persons required to register.
Sec. 303. Registration requirements.
Sec. 304. Denial, revocation, or suspension of registration.
Sec. 305. Labeling and packaging requirements.
Sec. 306. Quotas applicable to certain substances.
Sec. 307. Records and reports of registrants.
Sec. 308. Order forms.
Sec. 309. Prescriptions.

PART D—OFFENSES AND PENALTIES

Sec. 401. Prohibited acts A—penalties.
Sec. 402. Prohibited acts B—penalties.
Sec. 403. Prohibited acts C—penalties.
Sec. 404. Penalty for simple possession; conditional discharge and expunging of records for first offense.
Sec. 405. Distribution to persons under age twenty-one.
Sec. 406. Attempt and conspiracy.
Sec. 407. Additional penalties.
Sec. 408. Continuing criminal enterprise.
Sec. 409. Dangerous special drug offender sentencing.
Sec. 410. Information for sentencing.
Sec. 411. Proceedings to establish previous convictions.

**EXHIBIT [8]**

H. R. 18583—25

(d)(1) The Attorney General shall issue forms pursuant to subsections (a) and (c)(2) only to persons validly registered under section 303 (or exempted from registration under section 302(d)). Whenever any such form is issued to a person, the Attorney General shall, before delivery thereof, insert therein the name of such person, and it shall be unlawful for any other person (A) to use such form for the purpose of obtaining controlled substances or (B) to furnish such form to any person with intent thereby to procure the distribution of such substances.

(2) The Attorney General may charge reasonable fees for the issuance of such forms in such amounts as he may prescribe for the purpose of covering the cost to the United States of issuing such forms, and other necessary activities in connection therewith.

(e) It shall be unlawful for any person to obtain by means of order forms issued under this section controlled substances for any purpose other than their use, distribution, dispensing, or administration in the conduct of a lawful business in such substances or in the course of his professional practice or research.

## PRESCRIPTIONS

SEC. 309. (a) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule II, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without the written prescription of a practitioner, except that in emergency situations, as prescribed by the Secretary by regulation after consultation with the Attorney General, such drug may be dispensed upon oral prescription in accordance with section 503(b) of that Act. Prescriptions shall be retained in conformity with the requirements of section 307 of this title. No prescription for a controlled substance in schedule II may be refilled.

(b) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule III or IV, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without a written or oral prescription in conformity with section 503(b) of that Act. Such prescriptions may not be filled or refilled more than six months after the date thereof or be refilled more than five times after the date of the prescription unless renewed by the practitioner.

(c) No controlled substance in schedule V which is a drug may be distributed or dispensed other than for a medical purpose.

(d) Whenever it appears to the Attorney General that a drug not considered to be a prescription drug under the Federal Food, Drug, and Cosmetic Act should be so considered because of its abuse potential, he shall so advise the Secretary and furnish to him all available data relevant thereto.

## PART D—OFFENSES AND PENALTIES

### PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

**EXHIBIT [9]**

(d) Any orders, rules, and regulations which have been promulgated under any law affected by this title and which are in effect on the day preceding enactment of this title shall continue in effect until modified, superseded, or repealed.

## TITLE IV—REPORT ON ADVISORY COUNCILS

### REPORT ON ADVISORY COUNCILS

SEC. 1200. (a) Not later than March 31 of each calendar year after 1970, the Secretary of the Department of Health, Education, and Welfare shall submit a report on the activities of advisory councils (established or organized pursuant to any applicable statute of the Public Health Service Act, Public Law 410, Seventy-eighth Congress, as amended, or the Mental Retardation Facilities and Community Mental Health Centers Construction Act of 1963, Public Law 88–164, as amended) to the Committee on Labor and Public Welfare of the Senate and the Committee on Interstate and Foreign Commerce of the House of Representatives. Such report shall contain, at least, a list of all such advisory councils, the names and occupations of their members, a description of the function of each advisory council, and a statement of the dates of the meetings of each advisory council.

(b) If the Secretary determines that a statutory advisory council is not needed or that the functions of two or more statutory advisory councils should be combined, he shall include in the report a recommendation that such advisory council be abolished or that such functions be combined.

(c) As used in this section, the term "statutory advisory council" means any committee, board, commission, council, or other similar group established or organized pursuant to any applicable statute to advise and make recommendations with respect to the administration or improvement of an applicable program or other related matter.

*Speaker of the House of Representatives.*

APPROVED

OCT 27 1970

*Vice President of the United States and
President of the Senate.*

**EXHIBIT [10]**

PUBLIC LAW 91-513—OCT. 27, 1970                    [84 STAT.

1260

Forms, issuance.

(d)(1) The Attorney General shall issue forms pursuant to subsections (a) and (c)(2) only to persons validly registered under section 303 (or exempted from registration under section 302(d)). Whenever any such form is issued to a person, the Attorney General shall, before delivery thereof, insert therein the name of such person, and it shall be unlawful for any other person (A) to use such form for the purpose of obtaining controlled substances or (B) to furnish such form to any person with intent thereby to procure the distribution of such substances.

Fees.

(2) The Attorney General may charge reasonable fees for the issuance of such forms in such amounts as he may prescribe for the purpose of covering the cost to the United States of issuing such forms, and other necessary activities in connection therewith.

Unlawful acts.

(e) It shall be unlawful for any person to obtain by means of order forms issued under this section controlled substances for any purpose other than their use, distribution, dispensing, or administration in the conduct of a lawful business in such substances or in the course of his professional practice or research.

PRESCRIPTIONS

52 Stat. 1040.
21 USC 301.

65 Stat. 648.
21 USC 353.

SEC. 309. (a) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule II, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without the written prescription of a practitioner, except that in emergency situations, as prescribed by the Secretary by regulation after consultation with the Attorney General, such drug may be dispensed upon oral prescription in accordance with section 503(b) of that Act. Prescriptions shall be retained in conformity with the requirements of section 307 of this title. No prescription for a controlled substance in schedule II may be refilled.

(b) Except when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule III or IV, which is a prescription drug as determined under the Federal Food, Drug, and Cosmetic Act, may be dispensed without a written or oral prescription in conformity with section 503(b) of that Act. Such prescriptions may not be filled or refilled more than six months after the date thereof or be refilled more than five times after the date of the prescription unless renewed by the practitioner.

(c) No controlled substance in schedule V which is a drug may be distributed or dispensed other than for a medical purpose.

(d) Whenever it appears to the Attorney General that a drug not considered to be a prescription drug under the Federal Food, Drug, and Cosmetic Act should be so considered because of its abuse potential, he shall so advise the Secretary and furnish to him all available data relevant thereto.

PART D—OFFENSES AND PENALTIES

PROHIBITED ACTS A—PENALTIES

SEC. 401. (a) Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

EXHIBIT [11]

) 1996 EDITION )

# FEDERAL CRIMINAL CODE
# and
# RULES

### as amended to January 3, 1996

Rules of Criminal Procedure
Rules Governing Habeas Corpus Cases
Rules Governing Motion Attacking Sentence
Rules of Evidence
Rules of Appellate Procedure
Rules of Supreme Court of the United States

_____

### as amened to February 15, 1996

Title 18, Crimes and Criminal Procedure
    App. I—Unlawful Possession or Receipt of Firearms
    App. II—Interstate Agreement on Detainers
    App. III—Classified Information Procedures Act
Constitution of the United States
Title 15, Section 1644, Fraudulent Use of Credit Cards
Title 21, Chapter 13, Drug Abuse Prevention and Control
Title 26, Chapter 53, Machine Guns, Destructive Devices, and
    Certain Other Firearms
    Sections 7201 to 7217—Procedure & Administration,
    Crimes
Title 28, Chapter 58, United States Sentencing Commission
    Chapter 153, Habeas Corpus
    Chapter 175, Civil Commitment and Rehabilitation of
    Narcotic Addicts
Title 31, Chapter 53, Subch. II, Records and Reports on Monetary
    Instruments Transactions
Title 41, Sections 51 to 58, Anti-kickback Act of 1986
Title 46 App., Chapter 38, Maritime Drug Law Enforcement
Title 49, Sections 1155, 46306 to 46316, & 46501 to 46507,
    Federal Aviation Criminal Penalties

Consolidated Index

### ST. PAUL, MINN.
## WEST PUBLISHING CO.

4-1-03

*WRee*

# EXHIBIT [12]

1996

**Effective Date; Time to Submit Piperidine Report; Required Information**

Section 203(a) of Pub.L. 95–633 provided that:

"(1) Except as provided under paragraph (2), the amendments made by this title [enacting this section and amending sections 841 to 843 of this title] shall take effect on the date of the enactment of this Act [Nov. 10, 1978].

"(2) Any person required to submit a report under section 310(a)(1) of the Controlled Substances Act [subsec. (a)(1) of this section] respecting a distribution, sale, or importation of piperidine during the 90 days after the date of the enactment of this Act [Nov. 10, 1978] may submit such report any time up to 97 days after such date of enactment.

"(3) Until otherwise provided by the Attorney General by regulation, the information required to be reported by a person under section 310(a)(1) of the Controlled Substances Act (as added by section 202(a)(2) of this title) [subsec. (a)(1) of this section] with respect to the person's distribution, sale, or importation of piperidine shall—

"(A) be the information described in subparagraphs (A) and (B) of such section, and

"(B) except as provided in paragraph (2) of this subsection, be reported not later than seven days after the date of such distribution, sale, or importation."

**Repeals**

Pub.L. 96–359, § 8(b), Sept. 26, 1980, 94 Stat. 1194, repealed § 203(d) of Pub.L. 95–633, formerly set out under this section, which had provided for the repeal of this section effective Jan. 1, 1981.

**Regulations for Piperidine Reporting**

Section 203(b) of Pub.L. 95–633 provided that:

"The Attorney General shall—

"(1) first publish proposed interim regulations to carry out the requirements of section 310(a) of the Controlled Substances Act (as added by section 202(a)(2) of this title) [subsec. (a) of this section] not later than 30 days after the date of the enactment of this Act [Nov. 10, 1978], and

"(2) first promulgate final interim regulations to carry out such requirements not later than 75 days after the date of the enactment of this Act [Nov. 10, 1978], such final interim regulations to be effective with respect to distributions, sales, and importations of piperidine on and after the ninety-first day after the date of the enactment of this Act."

**Report to President and Congress on Effectiveness of Title II of Pub.L. 95–633**

Section 203(c) of Pub.L. 95–633 required the Attorney General, after consultation with the Secretary of Health, Education, and Welfare [now Secretary of Health and Human Services], to analyze and evaluate the impact and effectiveness of the amendments made by Title II of Pub.L. 95–633 [enacting this section and amending §§ 841 to 843 of this title], including the impact on the illicit manufacture and use of phencyclidine and the impact of the requirements imposed by such amendments on legitimate distributions and uses of piperidine, and, not later than Mar. 1, 1980, to report to the President and the Congress on such analysis and evaluation and to include in such report such recommendations as he deemed appropriate.

Complete Annotation Materials, see Title 21, U.S.C.A.

**Legislative History**

For legislative history and purpose of Pub.L. 95–633, see 1978 U.S. Code Cong. and Adm. News, p. 9496.

For legislative history and purpose of Pub.L. 100–690, see 1988 U.S. Code Cong. and Adm. News, p. 5937. See, also, Pub.L. 103–200, 1993 U.S. Code Cong. and Adm. News, p. 2963.

**CODE OF FEDERAL REGULATIONS**

Confidential patient records, drug abuse, see 42 CFR § 2.1 et seq.

Controlled drugs, warnings, see 21 CFR 290.5 et seq.

Identification requirements, see 21 CFR 1310.01 et seq.

**PART D—OFFENSES AND PENALTIES**

**§. 841.  Prohibited acts A**

**(a) Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

**(b) Penalties**

Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

(i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin;

(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—

(I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

(III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

(IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

(iv) 100 grams or more of phencyclidine (PCP) or 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP);



**EXHIBIT  [13]**

he individual has served the
tences required by such sub-
*Id.* at 19 (emphasis added).
ted above, Congress can be
have been aware of the tradi-
istinction between conviction
g. If Congress had intended
types and quantities listed in
& (B) to be sentencing fac-
ompanying legislative record
referred to a person *sen-*
r than convicted—under
graphs.

y following the 1986 amend-
Justice Department itself,
een consulted by Congress
e amendment process, *see*
99–845, at 12 (1986), seemed
hat drug type and quantity
of separate offenses defined
*See* Handbook on the Anti-
ct of 1986, at 20–21 (Dep't of
1987) ("1986 Handbook").
1986 Handbook repeatedly
onvictions" under the subpar-
841(b)(1), which lay out the
he different drug types and
. at 3–4, 6–7. Most impor-
epartment "recommend[ed]
e enhanced and mandatory
lty provisions of 21 U.S.C.
nd 960(b), as amended, are
*kind* and *quantity* of drug
ticular offenses ... *both the
uantity of the drug be speci-
lictment and proven at tri-*
(third emphasis added). I
hat the Department only
l]" such an approach, and
etreated from this position.
*ted States v. Jenkins*, 866
Cir.1989). But the fact that
is view in its initial "bible"
1986 drug law, obviously
high-level deliberations and
vision was not clouded by

subsequent events and perceptions, seems
to me very persuasive.

In addition to what Congress did, what
Congress did *not* do in adding drug type
and quantity in the 1980, 1984, and 1986
amendments is also informative. Specifi-
cally, Congress never expressly denoted
drug type and quantity as sentencing fac-
tors to be determined by the judge and not
the jury. *See United States v. Brough,*
243 F.3d 1078, 1079 (7th Cir.2001) ("[T]he
statute [§ 841] does not say who makes
the findings or which party bears what
burden of persuasion."). In contrast, in
the aforementioned § 851, which covers
proceedings to establish prior convictions
for sentence-enhancement purposes, the
statute expressly provides that "the *court*
shall after conviction but before pro-
nouncement of sentence" make its deter-
mination regarding prior conviction. 21
U.S.C. § 851(b) (emphasis added). My
point is further advanced by reference to
the now-repealed Dangerous Special Drug
Offender Sentencing provision of the origi-
nal CSA, which created sentencing factors.
*See* Pub.L. No. 91–513, § 409, 84 Stat.
1242, 1266–69 (1970) (repealed 1984). Un-
der that provision, prior felon status was
to be assessed by a judge after conviction
using a preponderance-of-the-evidence
standard. *See id.* at 1267.

In sum, Congress's failure to include
drug type and quantity within its express
sentence-enhancement provisions indicates
its intent to treat these factors as elements
of a crime. *See United States v. McQuil-
kin*, 78 F.3d 105, 108 (3d Cir.1996) ("It is a
canon of statutory construction that the
inclusion of certain provisions implies the
exclusion of others.") ("*inclusio unius est
exclusio alterius*").

## B. Nomenclature and Structure of the Statute

In construing drug type and quantity as
sentencing factors rather than elements,

this court, as well as the other courts of
appeals, have relied on the presence of the
labels "Unlawful Acts" and "Penalties"
preceding subsections (a) and (b) of the
statute. *See, e.g., United States v. Lewis,*
113 F.3d 487, 490–91 (3d Cir.1997). This
approach is deeply flawed. Although one
of our sister courts has noted that this
approach "took Congress at its caption,"
*Brough,* 243 F.3d at 1079, a close examina-
tion reveals that the caption was never
really Congress's at all. The original ver-
sion of the CSA passed by Congress and
signed by the President did not affix the
label "Unlawful Acts" to § 841(a) or "Pen-
alties" to § 841(b). *See* CSA, Pub.L. No.
91–513, 1970 U.S.C.C.A.N. (84 Stat. 1260–
62) 1466–68. Nor were these captions
added in any of the subsequent amend-
ments to the CSA. Rather, these section
headings can be traced to the Office of the
Federal Register, National Archives and
Records Services, which added a reference
to "penalties" as a margin note to the
predecessor of § 841(b) in the Statutes at
Large simply for user convenience. 84
Stat. 1261 (1970). Unfortunately, when
the CSA was reproduced in the United
States Code, the margin notes were con-
verted into subsection headings by the
codification committee, but have never
been officially adopted by the Congress,
and, therefore, do not have the force of
law. *See* U.S.C. at vii (1994 & Supp. V
1999) (noting that Title 21 has never been
officially codified).

Even if the subsection titles had been
officially adopted by Congress, we would
be wrong to ascribe to subsection (b)'s
"Penalties" label the talismanic power to
indicate that drug type and quantity are
sentencing factors rather than elements of
separate crimes. *See Castillo v. United
States*, 530 U.S. 120, 125, 120 S.Ct. 2090,
147 L.Ed.2d 94 (2000) (noting that the

EXHIBIT [14]

LEGISLATIVE HISTORY
P.L. 91-513

Federal Food, Drug, and Cosmetic Act should be considered a prescription item because of its abuse potential, the Attorney General shall so advise the Secretary of Health, Education, and Welfare, and furnish him all relevant available data.

---

## PART D—OFFENSES AND PENALTIES

### Section 401. Prohibited acts A—Penalties

Section 401(a).  This section makes it unlawful for a person to knowingly or intentionally (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, except as authorized by this title; or (2) create, distribute, dispense, or possess with intent to distribute or dispense, a counterfeit substance.

Except in the case of violations punishable under section 405 (relating to distribution to persons under 21), section 401(b) establishes the following penalties for anyone who violates section 401(a):

(1) (a) In the case of a narcotic drug in schedule I or II, up to 15 years in prison and/or a fine of not more than $25,000 may be imposed, except that if the person has one or more prior convictions for an offense punishable under this subsection, or for a felony under another provision of this title or of title III or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, such person shall be sentenced to not more than 30 years and/or a fine of not more than $50,000.  A special parole term of 3 years is imposed in addition to any prison term under this paragraph, and if there exists a prior conviction, the special parole term is for 6 years.

(b) In the case of a schedule I or II nonnarcotic substance or a schedule III substance, a violator shall be imprisoned for not more than 5 years and/or fined not more than $15,000, except that in the case of prior convictions as above described, the punishment is not more than 10 years and/or a fine of not more than $30,000.  A special parole term of 2 years is added to the prison term unless there was a prior conviction, in which case it would be for 4 years.

(2) In the case of a schedule IV substance, the sentence is to be for not more than 3 years and/or a fine of not more than $10,000.  If there is a prior conviction as above described, the sentence shall be for not more than 6 years and/or a fine of not more than $20,000.  A special parole term of 1 year is imposed except in the case where there is a prior conviction, in which case it would be for 2 years.

(3) In the case of a schedule V substance, sentence is to be for a prison term of not more than 1 year and/or a fine of not more than $5,000.  If there is a prior conviction, the punishment shall be for not more than 2 years and/or a fine of not more than $10,000.

Section 401(c) provides that the special parole term imposed under this section or section 405 may be revoked if its conditions are violated, and in such a case the original term of imprisonment is increased by the period of the special parole term.  The prisoner may be required to serve part or all of the new prison term.  The special parole term is in addition to and not in lieu of any other parole provided by law.

EXHIBIT [15]

No. 90 CR 577

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE UNITED STATES OF AMERICA

vs.

DUANE R. OLSON, also known as Duke, and
GEORGE A. MORRIS

INDICTMENT

Violations: Title 21, United States Code,
Sections 846 and 841(a)(1) and Title 18,
United States Code, Section 2

A true bill,

_Amelia Dudley_
Foreman

Filed in open court this 26th
of _____, A.D. 1990
day

Bail, $

PO 880.320

U.S. DISTRICT COURT
CLERK

90 JUL 26 PM 4:41

05

EXHIBIT [16]

## COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

### DUANE R. OLSON,

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

**EXHIBIT [17]**

PRESENTENCE REPORT *I*

| | | |
|---|---|---|
| (Last, First, ..ddle) | | DICTATION DATE |
| ..LSON, Duane R. | | July 26, 1991 |
| ADDRESS | LEGAL ADDRESS | DOCKET NO. |
| Metropolitan Correctional | Same | |
| Center | | 90 CR 577-1 |
| 71 West Van Buren Street | | RACE |
| Chicago, Illinois 60605 | | Caucasian |
| | | CITIZENSHIP |
| | | U. S. Native-born |

CONFIDENTIAL
PROPERTY OF U. S. COURTS
SUBMITTED FOR OFFICIAL USE
U. S. PAROLE COMMISSION &
FEDERAL BUREAU OF PRISONS TO BE
RETURNED AFTER SUCH USE AUTHORIZED

| AGE | DATE OF BIRTH | PLACE OF BIRTH | SEX | EDUCATION |
|---|---|---|---|---|
| 62 | 12/7/28 | Elmira, New York | Male | 11th Grade |
| MARITAL STATUS | | DEPENDENTS | | OCCUPATION |
| Divorced | | One (Son) | | Unemployed |
| SOCIAL SECURITY NO. | | FBI NO. | | OTHER IDENTIFYING NO. |
| 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 | | 4821393 | | USM: 04931-424 |

OFFENSE Count One: Conspiracy to Possess With Intent to Distribute Cocaine
Count Two: Distribution of Cocaine
Count Three: Possession With Intent to Distribute Cocaine

PENALTY
TOTAL: $17,000,000 Fine and/or 20 Years to Life; 10 Years Supervised
Release and $150 Special Assessment

| CUSTODIAL STATUS | DATE OF ARREST |
|---|---|
| Incarcerated at Chicago Metropolitan Correctional Center. | June 26, 1990 |

| PLEA | PRIOR RECORD | | |
|---|---|---|---|
| | | Juv. | Adult |
| Not Guilty | No. of Arrests | 0 | 17 |
| | No. of Convictions | 0 | 8 |
| | Yrs. Jail/Prison | 0 | 1-1/2 |
| | Yrs. on Supervision | 0 | 11 |

VERDICT

Guilty by Jury Verdict of Counts One, Two and Three (March 3, 1991)

DETAINERS OR CHARGES PENDING

None known

CODEFENDANTS  *II*

George Morris to be sentenced September 10, 1991

CONFIDENTIAL
PROPERTY OF U. S. COURTS
SUBMITTED FOR OFFICIAL USE OF
U. S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS
RETURNED AFTER SUCH USE AUTHORIZED

*III*

| ASSISTANT U. S. ATTORNEY | DEFENSE COUNSEL | PROBATION OFFICER |
|---|---|---|
| Ronald Safer | Gregory Schlesinger | William T. Tucker |
| Telephone: | (Retained) | Telephone: |
| (312) 886-0974 | Telephone: (312) 781-0020 | (312) 435-5868 |

DISPOSITION

| SENTENCING JUDGE | DISPOSITION DATE/TIME |
|---|---|
| Honorable James B. Zagel | September 10, 1991 at 2:00 p.m. |

# EXHIBIT [18]

)                    )

2

OLSON, Duane R.
Docket No.  90 CR 577-1

base offense level for this offense is 34. (See Worksheet
A)                                                              34

Specific Offense Characteristics:  None. (See Worksheet
A)                                                               0

Subtotal:        34

Offense Adjustments.      *IV*

Victim Related:  None.   (See Worksheet A)                 0

Role in the Offense:  Based upon the government's version
of the offense, this defendant deserves an increase in
the offense level, due to his aggravating role in the
offense.  According to the government, Mr. Olson was the
organizer and leader of this cocaine transaction.  He did
all of the negotiating, and recruited Codefendant Morris
to transport the cocaine from Florida to Illinois.
Therefore, according to Guideline 3B1.1(c) an increase of
two points in the offense level is appropriate.  (See
Worksheet A)                                                     2

Obstruction:  None.  (See Worksheet A)                     0

Adjusted Offense Level:        36

Offender Adjustments.

Acceptance of Responsibility:  Mr. Olson has made no
written or verbal statements regarding his role in the
offense.  Therefore, there is no basis for reducing the
offense level for acceptance of responsibility.  (See
Worksheet D)                                                     0

Career Offender:  According to Guideline 4B1.1, a
defendant is a career offender if (1) he was at least
eighteen years old at the time of the instant offense,
(2) the instant offense is a felony involving either a
crime of violence or a controlled substance and (3) the
defendant has at least two prior felony convictions
involving either violent crime or controlled substances.

In Miami, Florida, on December 11, 1980, the defendant
was sentenced to five years probation, following a
conviction for possession with intent to distribute 999

EXHIBIT [19]

# Memorandum



| Subject | Date |
|---------|------|

Re: <u>United States v. Olson and Morris</u>    July 18, 1991
          90 CR 577

| To | From |
|----|------|
| Robert Tucker | Ronald S. Safer |
| U.S. Probation Officer | Assistant U.S. Attorney |

## GOVERNMENT'S OFFICIAL VERSION OF THE OFFENSE

On June 26, 1990, Duane Olson and George Morris consummated a drug deal that Olson had negotiated with an individual cooperating with the DEA (CI) throughout the spring of 1990. Olson had Morris drive from Chicago to Miami and to return with slightly less than 17 kilos of cocaine. Olson had negotiated the sale of nine of these kilos to the CI. Olson told the CI that he would give the CI a sample from the other eight kilos of cocaine and that the CI could purchase the rest of the cocaine if the quality was satisfactory. Olson and Morris were arrested at the time the deal was consummated.

Duane Olson negotiated this sale of cocaine from April through June of 1990. During his numerous telephone and in person conversations with the CI, Olson made it clear that he had numerous sources of drugs including cocaine, marijuana and hashish. Olson and the CI discussed Olson supplying forty kilos of cocaine a month to the CI in Canada.

Olson was the driving force behind this deal. Morris' role was limited to driving. Morris played no role in the negotiation of the deal.

## VICTIM IMPACT STATEMENT

The impact of drugs on our society need not be set forth here. Simply put, the defendants were attempting to profit from releasing an extremely large quantity of poison into the public. The victims of this crime would have numbered in the thousands had the CI been in the business of selling drugs.

## PENALTY FOR EACH COUNT

The maximum penalty for Counts One and Three are life imprisonment and a $4,000,000 fine. The maximum penalty for Count Two is twenty years imprisonment and a $1,000,000 fine.

# EXHIBIT [20]