)  )  FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2003 DEC 11 AM 11: 51
OCALA DIVISION

CLERK, US DIST OF COURT
OCALA FLORIDA

DUANE R. OLSON,

        Plaintiff,

v.    Case No. 5:03-cv-128-Oc-10GRJ

UNITED STATES OF AMERICA, et al.,

        Defendants.

## ORDER OF DISMISSAL

Plaintiff initiated this action pursuant to a Notice of Complaint filed on April 14, 2003. In the Complaint, Plaintiff seeks a "declaratory judgment of three federal questions." Specifically, Plaintiff seeks to have the Controlled Substances Act, 21 U.S.C. § 841, declared unconstitutional. As grounds therefor, Plaintiff states:

(1) § 841 is a forged and altered instrument and any indictment pursuant to this statute is null and void;

(2) § 841 lacks the essential element of a nexus to the Constitution's enumerated powers for federal jurisdiction and, therefore, has no force of law;

(3) § 841 is not a common law statute applicable to all persons and, therefore, Plaintiff has never been accused or convicted of an actual crime;

)                               )

(4) because § 841 is unconstitutional, Plaintiff has been deprived of his rights to life, liberty, property and the pursuit of happiness, by virtue of his conviction and sentence pursuant to statute.

As a result, Plaintiff seeks the dismissal of his criminal indictment under § 841. Furthermore, Plaintiff seeks to be released from incarceration without delay. Plaintiff paid the $150.00 filing fee and effected service of process upon the Defendants.

Currently pending before th Court is the Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. 17.) In the motion, the Defendants assert that the Complaint should be dismissed for lack of subject matter jurisdiction or for the failure to state a claim upon which relief can be granted. In the alternative, Defendants move for summary judgment. Plaintiff filed a reply to the Defendants' motion on September 29, 2003, and this case is ripe for review.

### Defendants' Motion

In the motion to dismiss, the Defendants' contend that despite Plaintiff's characterization of this case as a request for declaratory relief, Plaintiff's Complaint is nothing more than another successive collateral attack on his underlying drug conviction.[1] In support of this position, the Defendants' note that the relief Plaintiff actually seeks is a declaration that *his* indictment is null and void. Further, Plaintiff specifically requests release from incarceration.

---

[1] In the motion, the Defendants state that Plaintiff is serving a 27-year sentence on federal drug convictions arising in the Northern District of Illinois. Plaintiff was convicted in 1991. Plaintiff began challenging his conviction and sentence pursuant to 28 U.S.C. § 2255 in 1996. Since then, Plaintiff has filed a series of unsuccessful motions with the sentencing court.

### Discussion

For the reasons set forth by the Defendants' in their motion, this case is due to be dismissed with prejudice. Despite Plaintiff's depiction of this action as a request for declaratory relief, it is clear that the real purpose of the Complaint is to attack the validity of Plaintiff's conviction and sentence. Such action is clearly an improper attempt to circumvent the restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA). The legality of Plaintiff's indictment is an issue that should have been addressed on direct review or via a motion pursuant to 28 U.S.C. § 2255.

### Conclusion

Accordingly, the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 17) is **GRANTED**. This case is hereby dismissed with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of December 2003.

WM. TERRELL HODGES
United States District Judge

la 12/3
c.
Duane R Olson
Counsel of Record

- 3 -

)                              )

FILE COPY

Date Printed: 12/12/2003

Notice sent to:

   ___   Duane R. Olson
         FCC Coleman - Medium
         P.O. Box 1032
         Coleman, FL  33521-1032

         5:03-cv-00128    ail

   ___   Charles Truncale, Esq.
         U.S. Attorney's Office
         Middle District of Florida
         300 N. Hogan Street, Suite 700
         P.O. Box 600
         Jacksonville, FL  32201

         5:03-cv-00128    ail