# IN UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

## OCALA DIVISION

DUANE R. OLSON and,
GEORGE A. MORRIS,

        Petitioner(s),

Vs.

CARLYLE HOLDER and,

BRUCE PEARSON,

        Defendant(s).

CIVIL ACTION NO:

5:04-CV-246-OC-10GRJ

Fed. R. Civ. P.
[28 § 2241(c)(3)]

CONSTITUTION FOR THE UNITED STATES
[Art., I, Sec., 9, cl. 2]

---

# A WRIT OF HABEAS CORPUS
# (ad subjiciendum)

# for

# JUDICIAL RELIEF FROM

# UNCONSTITUTIONAL AND ILLEGAL

# IMPRISONMENT

---

Duane R. Olson   (pro-se)
Reg. No:  04931-424
P.O. Box 1032 Unit C-1 (MED)
Federal Correctional Complex
Coleman, Florida  33521-1032

George A. Morris
Reg. No:  02275-004
P.O. Box 1031 Unit A-2 (LOW)
Federal Correctional Complex
Coleman, Florida  33521-1031

**COMES NOW,** DUANE R. OLSON and GEORGE A. MORRIS, (hereafter- Olson or Petitioner(s)) to exercise their Perpetual Protections languaged in the Constitution for the United States, at Article I, Section 9, clause 2 —

> "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it."

And...

To file this Writ of Habeas Corpus, (ad subjiciendum) for Immediate Judicial Relief from **UN**constitutional and **IL**legal Imprisonment, pursuant to the Federal Rules of Civil Procedure, Title 28, United States Code, Sec., 2241(c)(3).

The Petitioner(s) are currently housed at the Medium and Low facilities; Federal Correctional Complex, Coleman, Florida, Messers. CARLYLE HOLDER and BRUCE PEARSON, Warden(s) at Medium and Low facilities respectively.

**As Cause:**

The Habeas Corpus ACT is one of four GREAT CHARTERS of English Liberty, the other three being the Magna Carta, the Petiton of Right, and the Bill of Rights.

The instant Petition encompasses the Rights and Privileges of **ALL** FOUR of the GREAT CHARTERS Identified above, and...

is appropriately filed when Petitioners are alleging to be held in prison in violation of their Perpetual Protection(s) languaged in the Constitution, their Guarantee(s) in the Bill of Rights, and the Laws of the United States.

-1-

Hamilton, Quoting the judicious BLACKSTONE, in Fed. P. No: 84 —

> "...[c]alling the Habeas Corpus ACT, '..the **BULWARK** of of the British Constitution'

> To bereave a man of life [says he] or by violence to confiscate his estate, without accusation or trial, would be so gross and notorious an act of despotism as must at once convey the alarm of tyranny throughout the whole nation; but confinement of the person, by secretly hurrying him to jail, where his sufferings are unknown or forgotten, is a less public, a less striking, and therefore a **more dangerous engine** of arbitrary government." (Emphasis original) ·

**So say the Petitioners!**

**Jurisdiction:**

The United States District Court, Middle District of Florida, Ocala Division, has jurisdiction to entertain this habeas corpus (ad subjiciendum) by virtue of F.R.Civ.P. Title 28 § 2241(c)(3), and the Petitioner(s) are currently housed within this Court's Jurisdiction.

INS v. ST. CYR; 150 L Ed 2d 347, 121 S. Ct. 227 (2001) —

> "...[a]t the absolute minimum, the Suspension Clause (Art., I, § 9, cl.2) protects the 'writ as it existed in 1789'" —

and at 364 —

> "...[t]he writ of habeas corpus has always been available to review the legality of Executive detention..."

The instant Petition alleges Olson and Morris are Imprisoned for a nonexistent-offense or "violation" of the "negative-statute" [21 § 841(a)(1)] without "force of law" over the Petitioner(s).

-2-

Caudra v. Sullivan;   837 F.2d 56 (2nd Cir. 1998)

"Where habeas petitioner is pro-se, district court should review habeas petitions with lenient eye, allowing borderline cases to proceed."

Kaufman v. U.S.; 394 U.S. 217, 22 L Ed 2d 227, 89 S.Ct. 1068;

"Federal habeas corpus relief is not to be denied to prisoners alleging constitutional deprivations, soley on the ground that relief should have been sought on appeal."

## This Court has jurisdiction to determine whether or not...

Petitioner(s) Olson and Morris are Imprisoned by virtue of a "nonexistent-offense".

## Statement of the Case:

Petitioner(s) Olson and Morris were arrested by Drug Enforcement Agents in a Hotel at Lombard, Illinois on June 26, 1990, the result of a cocaine transaction with a PAID informant.

Subsequently, the United States Attorney obtained a THREE COUNT Indictment alleging the Petitioner(s) Olson and Morris to be "...[i]n violation of Title 21, U.S.C. Sec., **841(a)(1).**

Petitioner(s) went to trial in United States District Court, Northern District of Illinois, Eastern Division, with a defense of "entrapment" and "gross government misconduct".

A petite jury rendered a verdict of GUILTY on all THREE COUNTS and the Court imposed sentences of Imprisonment upon Petitioner(s) Olson and Morris of **320 months** and **240 months** respectively.

Appeal was Argued May 21, 1992 — Decided November 5, 1992, Affirmed; 978 F.2d 1472 (7th Cir. 1992).

-3-

## Introduction:

Referring to the Controlled Substance ACT of 1970, the late guru of Constitution Law on the Hill, Senator Sam Ervin, pointed out in an acid speech from the floor of the Senate...

"...[t]he bill is as full of unconstitutional, unjust, and unwise provisions as a mangy hound dog is full of fleas." *

As this Pleading will attest, insofar as Title 21, United States Code, Sections **822** and **841** are concerned; Senator Ervin's remarks were indeed...an understatement.

I. **ALBEIT** that the prima facia evidence of Official Government documents retrieved from the Archives of warehouses in Baltimore and Washington, prove beyond reasonable doubt, that Title 21, U.S.C. § 841(a)(1) **EXHIBIT [A]** is a "forged and altered" instrument, **never approved** by **Congress**...and therefore, **without force of law...**

**and...**

II. Neither the government's Indictment of Olson and Morris, nor the statute which the indictment tracks, § 841(a)(1), Identfies a NEXUS to the Constitution for federal jurisdiction over **"any person" N O T** REGISTERED ... or under Contract for federal jurisdiction...

**or...**

III. Neither the government's Indictment of Olson and Morris, nor the statute which the indictment tracks, either **"informs"** or

---

\* SMOKE and MIRRORS — Dan Baum Back Bay Books, p. 17

-4-

Identifies, with "certainty and precision", the **"nature"** of **ANY** "crime" against **anyone** in particular... much less ...against the United States and Interstate Commerce.

As A **Matter** of Criminal law, Constitution Law, the Declaration of Independence, the Bill of Rights, the Supreme Law of the Land, and the Model Penal Code for Criminal statute construction, I **T** I**S**...

° linguistically...

° grammatically...

° legally, and...

® constitutionally...

## — IMPOSSIBLE —

for the Petitioner(s), Olson and Morris, to be **G U I L T Y** of a ;

"...[v]iolation of Title 21, United States Code, Section 841(a)(1)..."

---

## ISSUE

AS A MATTER OF STATUTE CONSTRUCTION,
CRIMINAL LAW, THE DECLARATION OF INDEPENDENCE,
CONSTITUTION LAW, AND, THE BILL OF RIGHTS,
THE PETITIONER(S),
DUANE R. OLSON and GEORGE A. MORRIS,
ARE ACTUALLY and LEGALLY

# INNOCENT

OF ANY
"...[V]IOLATION OF TITLE 21, UNITED STATES CODE,
SECTION 841(A)(1)..."

---

The statute that pulls the entire train of drug laws that the government employs to support and conduct America's **"WAR on DRUGS"** is Title 21, United States Code, Section 841(a)(1), in pertinent part below, **Figure I.**

**Figure I**

PART D—OFFENSES and PENALTIES

---

**§ 841.  Prohibited acts A**

**(a)  Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally —

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacturem distribute, or dispense, a controlled substance; or,

---

21 § 802.  Definitions —

(6) The term **"controlled substance"** means a drug or other "substance"...it **DOES NOT** mean "regulated commerce".

The term **"any person"** is **NOT** defined at **§ 802.**, and instead, the term has been applied to **"any person"** identified by the Executive and "okey-doked" by the Judiciary.

-6-

Reduced to it's most pertinent parts for careful analysis, the language of Title 21, U.S.C. § 841(a)(1) is as clear and un-ambiguous as the verse; **"Jesus wept"**...St. John: 11:35 —

> **"It shall be unlawful for any person to knowingly —**
>
> **(1)** possess with intent to distribute...a controlled substance...**except as authorized by this subchapter.."**

Connecticut Nat'l Bank v. Germain; 503 U.S. 249, 253-54, 112 S. Ct., 1146, 1149, 117 L.Ed 2d 392 (1992) —

> "We have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."

The Government's "indictment" of Petitioner(s), **EXHIBIT(S) [B-C-D-E-F]** allege the same "violation" in all THREE COUNTS, in pertinent part below, **Figure II**...

### Figure II

The SPECIAL APRIL 1990 GRAND JURY charges:

1. From on or about January 30, 1990, until on or about June 26, 1990, at Chicago and Lombard, in the Northern District of Illinois, Eastern Division, and elsewhere;

DUANE R. OLSON and
GEORGE A. MORRIS,

defendants herein, did conspire with each other and with others unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute, approximately 17 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section **841(a)(1)**.

Reduced to it's most pertinent terms, **COUNT TWO, EXHIBIT [E]**, Petitioner Olson's Indictment appears below...

<u>COUNT TWO</u>

DUANE R. OLSON

"...[k]nowingly and intentionally —

...did distribute...250 grams of...cocaine...in violation of Title 21, United States Code, Section **841(a)(1)**..."

---

Presuming the statute § **841(a)(1)**, is **N O T** a Command from the Book of GENESIS, Congress has **N O** Intrinsic, Inherent, or Enumerated Power to enact legislation that would make it **"unlawful"** (without more) for Olson to...

"...[k]nowingly —

**(1)** distribute...250 grams...of cocaine..."

**AND CONGRESS DID NOT!**

Title 21, U.S.C. § **841(a)(1)** **D O E S  N O T** make it **unlawful** to..

"...[k]nowingly —

**(1)** distribute...250 grams...of cocaine..."

**HOWEVER...**

Title 21, U.S.C. § **841(a)(1)** **D O E S  M A K E  I T...**

"...[u]nlawful for any person to knowingly —

**(1)** distribute...a "controlled substance"..**except as authorized...SOMEWHERE ELSE IN THIS SUBCHAPTER...**"

**To be precise:**

It should be clear, to even the "untrained-eye", that the statute identified as Title 21, United States Code, Section

-8-

841(a)(1)... D O E S  N O T ...define or classify **A N Y** RULE, REGU-LATION, or **L A W** with federal jurisdiction over **"any person"** that the Petitioner(s) Olson and Morris could possibly **V I O L A T E !**

Title 21, 841(a)(1) describes the **mens rea "intent"** or **"Prohibited acts"** that would **V I O L A T E** the "authorized activ-ites". . .SOMEWHERE ELSE. . .IN THIS SUBCHAPTER.

**For arguendo...**

The "crime" then...I F indeed there I S a "crime". . .is for **"any person"** (on this Planet or on the Space Station) to...

"...[k]nowingly —

**(1)** possess with intent to distribute...a controlled substance..." (whatever that is) in a manner. .**N O T A U T H O R I Z E D** (somewhere else) **in this subchapter!**

Careful examination of ". . .[t]his subchapter. . ." reveals **N O** STATUTE, RULE or REGULATION that would **"authorize"** any person...

"...[t]o knowingly —

**(1)** possess with intent to distribute...a controlled substance..."

**However;** at Title 21, United States Code, Section **822(b)** below...

**Figure III**

---

**21 § 822(b)  Authorized activities —**

Persons registered by the Attorney General under this sub-chapter to manufacture, distribute, or dispense controlled substances or list I chemicals are authorized to possess, manufacture, distribute, or dispense such substances or, chemcials (including any such activity in the conduct of re-search) to the extent authorized by their registration and in conformity with the other provisions of this subchapter.

---

21 § 822(b);  Reduced to it's most  pertinent parts  for careful
analysis...

> "Persons registered by the Attorney General. . .are
> **authorized. . .to the extent of their registration,**
> to possess with intent to distribute...a controlled
> substance..."

The government's indictment alleges Olson and Morris to be
in "violation" of § 841(a)(1)...which describes the **mens rea** or
"intent" to "violate" the "authorized-activities" languaged in
§ 822(b)...which in and of.itself. . .**DOES NOT** define or class-
ify a **LAW** that sets forth punishment  for  Olson or Morris who
are **NOT REGISTERED** to be **AUTHORIZED!**
Title 21, U.S.C. § 822(b) is...**NOT** a RULE, REGULATION or LAW,
...it's just another  **STATEMENT without** federal jurisdiction
or "force of law" over  the  "criminal-conduct"  alleged in the
government's indictment of Olson and Morris!

**For the final coup de grace:**

Title 21, United States Code, Section 822, in pertinent part...
21 § 822.  **Persons required to register —**
(a). **Period of registration**
> **(1)** Every person who manufactures or distributes,
 **and...**

> **(2)** Every person who dispenses, or who proposes to
> dispense, shall* obtain from the Attorney General, a
> registration issued in accordance with the rules and
> regulations promulgated by him.

---

* **shall — 1.** Has a duty to;  more broadly, is required to —
Black's Law Dictionary — Seventh Edition.

)                    )

Title 21, U.S.C. § 822(a)(1)(2), **DOES NOT** define or classify a **"LAW"** that sets forth punishment for the Specific Crime of Olson and Morris **NOT REGISTERING** for whatever reason...

Title 21, U.S.C. § 822(a)(1)(2) is **NOT** a RULE, REGULATION, or **LAW**...it's just another **STATEMENT!**

**Moreover** —

There is **NO** language in the Constitution or "...[t]he laws of the United States..." that would..."take-away"...the **"RIGHTS"** of Olson and Morris to...

"...[k]nowingly —

**(1)** possess with intent to distribute...a controlled substance..." whatever that is, or...

"...[t]o manufacture coffins or candy, cultivate mushrooms or marijuana, distribute condoms or cocaine, or dispense heroin and/or...mainline 'smack'..."
            (State and Local LAWS notwithstanding)

The DECLARATION of INDEPENDENCE Promised...

"...[u]nalienable Rights, that among these are Life, Liberty, and the Pursuit of Happiness..."

The Constitution Perpetually Protects these RIGHTS, and...

Amendment **IX** clearly states...

"The enumeration in the Constitution, of certain rights, shall not be construed to **deny** or **disparage** others retained by the people." (Emphasis added)

-11-

Congressional **"intent"** is made clear in the Legislative History
of Public Law: 91-513 at p — 4569 —

Title II:  Control **and Enforcement** —

- "The bill provides for control by the Justice Depart-
  ment of problems related to drug abuse through regis-
  tration of manufacturers, wholesalers, retailers, and
  all others in the legitimate distribution chain, and
  makes transactions outside the legitimate distribution
  chain illegal."

The age old adage saying; "the road to hell is paved with good-
intentions" certainly applies to the above Congressional "intent"!

It matters **N O T** Congressional Intent...Executive Ambition...or
Judicial laissez-faire...

Congress **never** enacted **any** legislation in Title 21 or other-
wise languaging criminal statutes that would either "take-away"
the Petitioner(s) **"RIGHTS"** or conversely, a **L A W** that defines,
classifies, and sets forth punishment, for the Specific "crime"
of the Petitioner's **failure** to register with the Attorney General
or **failure** to seek Congressional Permission to be **"authorized"**..

"...[t]o knowingly...

**(1)** distribute...250 grams...of cocaine..."

or **anything else N O T expressly forbidden** or **prohibited** by "the
laws of the United States". (State and Local Laws notwithstanding)

The government's...

- °  **Indictment** of Petitioner(s) allege "violations" of...
- °  § **841(a)(1)** which describes the **mens rea** intent to "vio-
    late" the **"authorized-activities"** of...

-12-

- § 822(b) which refers to...
- § 822(a) (1) and (2) and 'Persons required to register pursuant to the "...[R]ules and Regulations promulgated by him..."

and this convoluted "house that Jack built" with the...

- "ankle-bone" connected to the...
- "leg-bone" connected to the...
- "knee-bone" connected to the...
- "thigh-bone" which L A C K S the...
- "back-bone" or "NEXUS" to the Constitution to...
- "stand-alone" with federal jurisdiction and "force of law" over the Sovereignty of the Petitioner(s). . .Olson and Morris...

"...[t]o knowingly —

(1) possess with intent to distribute...a controlled substance...(whatever that is) or **anything else N O T expressly forbidden** or **prohibited** by "the laws of the United States". (State and Local Laws notwithstanding)

To be intentionally repetitious, @ -8- Supra.,

**"We have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."**

## § 841. Prohibited acts A

### (a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally —

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or,

-13-

## Conclusion:

**In The Begining:** (1787) the Convention resolved that the new National Government have authority to act for the general interests of the Union and various "powers" were given to each branch of the federal government, and therefore, from the start, it has been **fundamental doctrine** that this "government is...one of **enumerated powers"**. <u>McCulloch v. Maryland</u>; 4 Wheat (17 U.S.) 316, 405, (1819).

It has been said so many times before, that it is redundant to repeat it here, but suffice it to say, Federal Police Power is extremely limited.

**Generally:  Power of Congress** —

> "There is no provision of the Federal Constitution under which Congress is specifically given the power to regulate traffic in drugs and narcotics." (<u>Nigro v. U.S.</u>; 276 US 332, 72 L Ed. 600, 48 S.Ct. 388)

> "Although Congress has no power to enact legislation for the sole purpose of restraining the sale or distribution of narcotics . . . (s)tatutes are upheld, however, **only** where their provisions **clearly** indicate that they are designed as revenue measures rather than as attempts to encroach upon the field of police regulations, which is reserved to the States." (Emph added) (<u>U.S. v. Skelly</u>; 229 U.S. 239, 57 L Ed 1167, 33 S. Ct. 635)

**Hamilton:** Writing in opposition to the Bill of Rights, Fed. P. No: — 84 —

> "Here, in strictness, the people surrender nothing; and as they retain everything they have no need of particular reservations, '**WE, THE PEOPLE** of the United States, to secure the blessings of liberty to ourselves and our posterity, do **ordain** and **establish** this Constitution for the United States of America.' Here is a better recognition of popular rights than volumes of those aphorisms which make the principal figure in several of our State bills of rights and which would sound much better in a treatise of ethics than in a constitution of government." (Emphasis original)

-14-

**From the Begining**; (1787) **"We the People"** have **enjoyed** the Right and Freedom to...

> "...[k]nowingly or intentionally —
> **(1)** manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense..."

**A N Y T H I N G . . . N O T   E X P R E S S L Y   P R O H I B I T E D**...

In the language of the Constitution, or in violation of the laws of the United States, State and Local laws notwithstanding!

> Olson and Morris have **N O T   surrendered** their **"RIGHT"** to...
> "...[k]nowingly or intentionally —
>
> **(1)** possess with intent to distribute... **A N Y T H I N G N O T   E X P R E S S L Y   P R O H I B I T E D   or   F O R B I D D E N** by "the laws of the United States"!   (State and Local laws notwithstanding.)

Since there is **N O** federal statute that would "take-away" the **"RIGHT"** of Olson and Morris to...

> "...[k]nowingly or intentionally —
> **(1)** possess with intent to distribute cocaine..." and...

Since there is **NO** federal criminal statute that defines, classifies, and sets forth punishment for the Specific Crime of Olson and Morris' **"failure to register"** with the Attorney General... And since there is **N O** federal criminal statute that defines, classifies, and sets forth punishment that would forbid or prohibit transactions in drugs and narcotics by Olson and Morris who are **N O T   R E G I S T E R E D** by the Attorney General...

**As A Matter** of Criminal Law, Constitution Law, the Declaration of Independence, the Bill of Rights, the Supreme Law of the Land, and the Model Penal Code for Criminal statute construction, **I T   I S**...

)                                    )

      °   linguistically...

        °   grammatically...

          °   legally, and...

            °   constitutionally...

# — IMPOSSIBLE —

for the Petitioner(s), Olson and Morris, to be **GUILTY** and Imprisoned for a...

> "...[v]iolation of Title 21, United States Code,
> Section 841(a)(1)..."

---

**PRAYER for RELIEF:**

The Petitioner(s) **PRAY** that this Honorable Court will Opinion and Decide...

PETITIONER(S) DUANE R. OLSON AND GEORGE A. MORRIS ARE **ACTUALLY** AND **LEGALLY INNOCENT**...OF ANY "VIOLATION" OF TITLE 21, UNITED STATES CODE, SECTION 841(a)(1).

And Further...

For this Honorable Court to Opinion and Declare, the government's indictment of DUANE R. OLSON and GEORGE A. MORRIS, to be **NULL** and **VOID** ...abinitio...and ORDER the IMMEDIATE RELEASE from IL-legal and UN-constitutional imprisonment of Olson and Morris...

)                                    )

For this Court to do less...should send a signal of alarm across this Great Nation...that the gregarious appetite of the despotic Aristocracy of **TYRANNY** has swallowed the Constitution and now...**it's every man for himself!**

Respectfully Submitted,

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 1032 Unit C-1 (MED)
Federal Correctional Complex
Coleman, Florida  33521-1032

George A. Morris
Reg. No: 02275-004
P.O. Box 1031 Unit A-4 (LOW)
Federal Correctional Complex
Coleman, Florida  33521-1031

- 17 -

April 26, 2004


Clerk of Court
U.S. District Court
Middle District of Florida
Ocala Division

Dear Clerk;

Enclosed, you will please find a check in the amount of Five dollars, ($5.00) filing fee for the accompanying Writ of Habeas Corpus.

Also enclosed, is the Original and Eight (8) copies of a Writ of Habeas Corpus.

- The Original and one copy is to be filed with the Court.
- One copy **each**, is to be time-stamped and placed in the pre-stamped, envelopes provided for that purpose to the following Defendant(s) and Interested Party(s):

| | |
|---|---|
| MR. PAUL PEREZ<br>U.S. ATTORNEY<br>400 NORTH TAMPA STREET<br>SUITE 3200<br>TAMPA, FLORIDA 33602 | MR. BRUCE PEARSON<br>WARDEN<br>846 N.E. 54TH TERRACE<br>FEDERAL CORRECTIONAL COMPLEX (LOW)<br>COLEMAN, FLORIDA 33521-1031 |
| 7003 2260 0004 1824 4966 | 7003 2260 0004 1824 4492 |
| THE HONORABLE JOHN ASHCROFT<br>ATTORNEY GENERAL<br>ROOM 4545<br>950 PENNSYLVANIA AVE., N.W.<br>WASHINGTON, D.C. 20530-2001 | CARLYLE HOLDER<br>WARDEN<br>846 N.E. 54TH TERRACE<br>FEDERAL CORRECTIONAL COMPLEX (MED)<br>COLEMAN, FLORIDA 33521-1032 |
| 7003 2260 0004 1824 4539 | 7003 2260 0004 1824 4447 |
| DUANE R. OLSON<br>REG. NO: 04931-424<br>P.O. BOX 1032 UNIT C-1 (MED)<br>FEDERAL CORRECTIONAL COMPLEX<br>COLEMAN, FLORIDA 33521-1032 | GEORGE A. MORRIS<br>REG. NO: 02275-004<br>P.O. BOX 1031 UNIT A-4 (LOW)<br>FEDERAL CORRECTIONAL COMPLEX<br>COLEMAN, FLORIDA 33521-1031 |

Thank you for your assistance in this matter, as usual your professionalism is appreciated.

Sincerely

Duane R. Olson

Search USC, About Database, Download USC, Classification Tables, Codification



Go to 1st query term(s)

-CITE-

  21 USC Sec. 841                                    01/22/02

-EXPCITE-

  TITLE 21 - FOOD AND DRUGS

  CHAPTER 13 - DRUG ABUSE PREVENTION AND CONTROL

  SUBCHAPTER I - CONTROL AND ENFORCEMENT

  Part D - Offenses and Penalties

-HEAD-

  Sec. 841. Prohibited acts A

-STATUTE-

  (a) Unlawful acts

  Except as authorized by this subchapter, it shall be unlawful for
any person knowingly or intentionally -

    (1) to manufacture, distribute, or dispense, or possess with
intent to manufacture, distribute, or dispense, a controlled
substance; or

    (2) to create, distribute, or dispense, or possess with intent
to distribute or dispense, a counterfeit substance.      -

  (b) Penalties

  Except as otherwise provided in section 849, 859, 860, or 861 of
this title, any person who violates subsection (a) of this section
shall be sentenced as follows:

    (1)(A) In the case of a violation of subsection (a) of this
section involving -

      (i) 1 kilogram or more of a mixture or substance containing a
detectable amount of heroin;

      (ii) 5 kilograms or more of a mixture or substance

EXHIBIT [A]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*JUL 26 1990*

*ZAGEL*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No.  90 CR 577 |
| | ) Violations:  Title 21, |
| DUANE R. OLSON, | ) United States Code, |
| also known as Duke, | ) Sections 846 and 841(a)(1), |
| (hereinafter in this indictment | ) and Title 18, United |
| referred to only as | ) States Code, Section 2 |
| Duane R. Olson), and | ) |
| GEORGE A. MORRIS | ) |

COUNT ONE

The SPECIAL APRIL 1990 GRAND JURY charges:

1.  From on or about January 30, 1990, until on or about June 26, 1990, at Chicago and Lombard, in the Northern District of Illinois, Eastern Division, and elsewhere:

DUANE R. OLSON and
GEORGE A. MORRIS,

defendants herein, did conspire with each other and with others unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute approximately 17 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.  It was part of the conspiracy that defendants DUANE R. OLSON and GEORGE A. MORRIS, possessed with the intent to distribute and distributed quantities of mixtures containing cocaine.

3.  It was further part of the conspiracy that on or about June 21, 1990, defendant DUANE R. OLSON distributed approximately

**EXHIBIT [B]**

)                                    )

250 grams of cocaine to another person (hereinafter "cooperating individual"), who was secretly cooperating with the United States Drug Enforcement Administration and was posing as a drug dealer, in exchange for $6,500 in cash.

4.   It was further part of the conspiracy that on or about June 22, 1990, defendant DUANE R. OLSON met with the cooperating individual, and negotiated to sell the cooperating individual kilogram quantities of cocaine.

5. · It was further part of the conspiracy that on or about June 22, 1990, defendant GEORGE A. MORRIS drove from the Northern District of Illinois to Florida to pick up kilograms of cocaine.

6.   It was further part of the conspiracy that on or about June 25 and 26, 1990, defendant GEORGE A. MORRIS drove a car containing approximately 16 3/4 kilograms of cocaine from Florida to Lombard, Illinois.

7.   It was further part of the conspiracy that on or about June 26, 1990, defendant DUANE R. OLSON and GEORGE A. MORRIS showed approximately 9 3/4 kilograms of cocaine to the cooperating individual.

8.   It was further part of the conspiracy that on or about June 26, 1990, defendant GEORGE A. MORRIS, while in possession of the 9 3/4 kilograms of cocaine, met with the cooperating individual for the purpose of delivering the cocaine to the cooperating individual in exchange for $253,000.

9.   It was further part of the conspiracy that on or about June 26, 1990, defendants DUANE R. OLSON and GEORGE A. MORRIS

2

EXHIBIT [C]

possessed an additional quantity of cocaine, approximately seven kilograms, which they intended to sell at a later date.

10.  It was further part of the conspiracy that the defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy and used coded language, surveillance and counter-surveillance techniques, and other means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the conspiracy.

In violation of Title 21, United States Code, Section 846.

EXHIBIT [D]

## COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

### DUANE R. OLSON,

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

4

EXHIBIT [E]

## COUNT THREE

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 26, 1990, at Lombard, in the Northern District of Illinois, Eastern Division,

> DUANE R. OLSON and
> GEORGE A. MORRIS,

defendants herein, knowingly and intentionally possessed with intent to distribute approximately 16 3/4 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.


A TRUE BILL:


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY


SPS:kjo

5

EXHIBIT [F]