FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2004 JUN 25 AM 9:19

CLERK, US DISTRICT COURT
OCALA, FLORIDA

DUANE R. OLSON and
GEORGE A. MORRIS,

        Petitioners,

v.                                        Case No. 5:04-cv-246-Oc-10GRJ

CARLYLE HOLDER, et al.,

        Respondents.

_____

## ORDER OF DISMISSAL

Petitioners initiated this action pursuant to a Writ of Habeas Corpus under 28 U.S.C. § 2241. In the Petition, the Petitioners argue that they are being illegally and unconstitutionally imprisoned pursuant to convictions and sentences imposed in the United States District Court for the Northern District of Illinois. Petitioners Olson and Morris were sentenced to 320 and 240 months imprisonment, respectively, for violations of the Controlled Substances Act, 21 U.S.C. § 841(a)(1).

### Issue Presented

The Petitioners assert that they are entitled to immediate release from imprisonment because the unconstitutionality of 21 U.S.C. § 841(a)(1) renders their convictions and sentences void. As grounds therefor, Petitioners state:

    (1) § 841(a)(1) is a forged and altered instrument;

(2) § 841(a)(1) fails to identify a nexus to the Constitution for federal jurisdiction over Petitioner; and,

(3) § 841(a)(1) fails to identify with certainty and precision the nature of any crime against anyone.

## Standard of Review

A § 2241 petition is used to attack the manner in which a sentence is executed, therefore, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the Petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petition, or a procedural bar due to failure to raise the issue on direct

appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective.[1]

In Wofford, the court held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id at 1244.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence."[2]

## Discussion

Despite the Petitioners depiction of this action as a request for habeas relief under § 2241, it is clear that the real purpose of the Petition is to attack the validity of the Petitioners convictions and sentences by attacking the constitutionality of the statute under which they were convicted. Such action is clearly an improper attempt to circumvent the restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA). The constitutionality of the statute under which the Petitioners were

---

[1] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

[2] Id at n. 3 (citing Bousley v. United States, 523 U.S. 614, 118 S.CT. 1604 (1998)).

convicted and sentenced is an issue that should have been addressed at the time of trial, on direct review, or in a motion pursuant to 28 U.S.C. § 2255.[3]

## Conclusion

For the reasons set forth herein, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 24th day of June 2004.

WM. TERRELL HODGES
United States District Judge

c: Duane R. Olson
George A. Morris

---

[3] Moreover, Petitioner Olson has previously attempted to raise these same issues pursuant to a Complaint for Declaratory Relief. See 5:03-cv-128-Oc-10GRJ. In dismissing that case, the Court similarly concluded that Petitioner Olson was improperly attacking his conviction and sentence in an attempt to circumvent the restrictions of AEDPA. In addition, the Court clearly stated that the Petitioner's claim was an attack on the legality of his conviction and sentence that should have been raised at the time of trial, on direct appeal, or pursuant to a motion under 28 U.S.C. § 2255. Accordingly, Petitioner Olson was well aware of the fact that the filing of these claims under § 2241 would not be proper.

- 4 -

) )

F I L E    C O P Y

Date Printed: 06/25/2004

Notice sent to:

    ___    Duane R. Olson
           FCC Coleman - Medium
           P.O. Box 1032
           Coleman, FL  33521-1032

           5:04-cv-00246    ail

    ___    George A. Morris
           FCC Coleman - Low
           P.O. Box 1031
           Coleman, FL  33521-1031

           5:04-cv-00246    ail