IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60606

# FILED

SEP 0 6 2005

In re:  DUANE R. OLSON,

           Petitioner/Applicant.

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

CRIMINAL CASE NO:  **90 cr 577**

CIVIL CASE NO:  _____

# 05C 5099

**A PETITION FOR AN EXTRAORDINARY WRIT**
and
**APPLICATION FOR WRIT OF HABEAS CORPUS**
**Pursuant To The ALL WRITS ACT,**
**Title 28 U.S.C. § 1651(a).**

**JUDGE FILIP**

**MAGISTRATE JUDGE KEYS**

Respectfully Submitted,

Petitioner/Applicant — _____

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "C"
Federal Correctional Institution
Miami, Florida  33177

# A F F I D A V I T

I, **DUANE R. OLSON,** declare under penalty of purjury, pursuant to Title 28 U.S.C. § 1746, that the following Statement(s) of FACT are TRUE and CORRECT.

That I have **never** Signed any Contract of other Obligation that would bind me to any "rules and regulations promulgated by the Attorney General" of the United States, for federal juridiction that would render **N U L L** and **V O I D** my Perpetual Protections languaged in the Constitution for the United States and Guaranteed in general by the Amendment(s) thereto, and in particular; My Fifth Amendment Right to "due process of law" and My Sixth Amendment Right to be "informed of the nature and cause of the accusation" and the "Right to trial by jury".

Executed on this _2-9ᵀᴴ_ day of _August_ , 200 _5_ .

Affiant ─ _[signature]_

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

-i-

ANYTHING NOT EXPRESSLY PROHIBITED OR FORBIDDEN
BY LAW . . . **doesn't really matter** . . .

**What matters is** . . .

On September 11, 1991, the United States District Court,
For The Northern District Of Illinois, Eastern Division, The
Honorable District Court Judge, JAMES B. ZAGEL Presiding, Imposed
a term of 324 months Imprisonment upon the defendant/Petitioner/
Applicant, DUANE R. OLSON, based **solely upon "assumption(s)
and presumption(s)"** and . . .

> ". . .[t]he jury's verdict alone does not authorize
> the sentence". <u>Booker</u>

---

**Relief Requested:**

For the United States District Court, Northern District
Of Illinois, Eastern Division, The Honorable JAMES B. ZAGEL
Presiding; to exercise "strict-scrutiny" and take **JUDICIAL
NOTICE** pursuant to the Rules Of Evidence For United States
Courts And Magistrates, Rule 201., of  this Court's **OWN**
Adjudication Of Sentence Imposed upon the defendant, DUANE
R. OLSON, on September 11, 1991 in <u>United States of America
Versus Duane R. Olson</u>; Case No:  90 CR 577, and for the Court
to "[d]ispose of the matter as law and justice require".

Respectfully submitted,

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

## C E R T I F I C A T E   OF   S E R V I C E

I hereby Certify that a TRUE and CORRECT copy of the foregoing Petition For An Extraordinary Writ and Application For Writ Of Habeas Corpus was mailed, postage pre-paid, to the following interested party(s) . . .

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS  60606**

**THE HONORABLE ALBERTO GONZALEZ**
**ATTORNEY GENERAL**
**U.S. JUSTICE DEPARTMENT**
**950 PENNSYLVANIA AVENUE, N.W.**
**WASHINGTON, D.C. 20530**

**THE UNITED STATES ATTORNEY**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS  60606**

**I DECLARE,** under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that a TRUE and CORRECT were mailed to the above listed parties.

Executed on this ___29TH___ day of ___August___ 2005.

Affiant  —

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60606

In re:  DUANE R. OLSON,
         Petitioner/Applicant.

CRIMINAL CASE NO:  **90 cr 577**

CIVIL CASE NO:  _____

**A PETITION FOR AN EXTRAORDINARY WRIT**
and
**APPLICATION FOR WRIT OF HABEAS CORPUS**
**Pursuant To The ALL WRITS ACT,**
**Title 28 U.S.C. § 1651(a).**

Respectfully Submitted,

Petitioner/Applicant —

Duane R. Olson   (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

## AFFIDAVIT

**I, DUANE R. OLSON,** declare under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that the following Statement(s) of FACT are TRUE and CORRECT.

That I have **never** Signed any Contract of other Obligation that would bind me to any "rules and regulations promulgated by the Attorney General" of the United States, for federal juridiction that would render **NULL** and **VOID** my Perpetual Protections languaged in the Constitution for the United States and Guaranteed in general by the Amendment(s) thereto, and in particular; My Fifth Amendment Right to "due process of law" and My Sixth Amendment Right to be "informed of the nature and cause of the accusation" and the "Right to trial by jury".

Executed on this _2-9 TH_ day of _August_ , 200 _5_ .

Affiant — _[signature]_

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "G"
Federal Correctional Institution
Miami, Florida 33177

COMES NOW, DUANE R. OLSON, the Petitioner/Applicant, (hereafter-Olson), to file this Petition for Extraordinary Writ and Application For Writ Of Habeas Corpus Pursuant to the ALL WRITS ACT, Title 28, United States Code, Section 1651(a).

The Petitioner, DUANE R. OLSON, seeks an "in house remedy" for Olson's **IL**-legal and **UN**-constitutional Imprisonment **caused solely** by the United States District Court, Northern District, Eastern Division, the Honorable JAMES B. ZAGEL, Presiding, for the Court's **UN**-authorized "Primary-Sentence" of 324-months Imprisonment Imposed pursuant to the penalties prescribed in Title 21, United States Code, Section 841(b) for Olson's conduct N O T authorized by Title 21, United States Code, Section 822(b) . . . an **E V E N T** . . .

- °   **never** alleged in the government's indictment of Olson . . .
- °   **never** Charged by the Special April 1990 Grand Jury · · ·
- °   **never** admitted by Olson . . .
- °   **never** denied by Olson · · ·
- °   **never** proved "beyond reasonable doubt" by the government's lawyer(s), and . . .
- °   **never** F O U N D in a verdict of GUILTY "beyond reasonable doubt" by a jury of Olson's peers.

**WHEREFORE . . .**

"[s]olely on the basis of the facts reflected in the jury verdict or admitted by the defendant", pursuant to Title 18 U.S.C. § 3553(a)., "The court, in determining the particular

-1-

sentence to be imposed, shall consider — 1) The **'nature'** and
circumstance of the offense..." (Emphasis added).  In Olson's
case, the Court's O W N records will provide the prima facia
evidence; "...[t]he jury's verdict alone does not authorize"
the Primary-Sentence Imposed by the Court.

Olson Guarantee(s) this Honorable Court, that Olson will
prove "beyond reasonable doubt" and to this Court's Complete
Satisfaction, that . . .

   °  By legal definition, Olson is **actually** and **legally innocent**
of the offense for which Olson is now Imprisoned, a **direct**
**result** of this court's **UN**-authorized "Primary-Sentence" based
**solely** on "assumption(s)" and "presumption(s)"!

Harris v. Nelson:  22 L. Ed. 2d. @ 286 . . .

> "There is no higher duty of a court, under our con-
> stitutional system, than the careful processing and
> adjudication of petitions for writs of habeas corpus,
> for it is in such proceedings that a person in custody
> charges that error, neglect, or evil purpose, has re-
> sulted in his unlawful confinement and that he is de-
> prived of his freedom contrary to law."

This Petition for Extraordinary Writ and Application for Writ
of Habeas Corpus will Present to this Honorable Court, just
such a circumstance as defined and described in Nelson.

-2-

Background:

**ONE.**

   On Tuesday, June 26, 1990, DUANE R. OLSON was arrested
by federal drug agents (DEA) and other Law Enforcement Agencies,
at the Executive Suites Hotel, in Lombard, Illinois.

**TWO.**

   On July 26, 1990, The SPECIAL APRIL 1990 GRAND JURY Charged:
the activites and conduct of Olson, described in a 5-page,
THREE COUNT Indictment, to be;  "[i]n violation of Title 21,
United States Code, Section(s) 841(a)(1) and 846".

**THREE.**

   Olson stood trial in United States District Court, Northern
District of Illinois, Eastern Division, District Court Judge,
The Honorable JAMES B. ZAGEL, Presiding.  Olson presented a
defense of Government Misconduct and Entrapement.

**FOUR.**

   On May 3, 1991, a petite jury of Olson's peers, F O U N D
Olson GUILTY on all THREE COUNT(S); "...[i]n violation of Title
21, United States Code, Section 841(a)(1).

**FIVE.**

   On September 11, 1991, United States District Court Judge,
The Honorable JAMES B. ZAGEL, Imposed a Term of Imprisonment
upon Olson for 324 months, without parole, pursuant to the

-3-

penalties prescribed in Title 21, United States Code, Section 841(b) for; "...[a]ny person who violates subsection (a) of this section", which, refers to "(a) Except as authorized by this subchapter", which, in turn refers to the "Authorized activities" described and classified in Title 21, United States Code, Section 822(b).

**SIX.**

The Petitioner/Applicant, DUANE R. OLSON, is currently housed at the Federal Correctional Institution, LOW facility, located at 15801 Southwest 137th Avenue, Miami, Florida  33177.

**Jurisdiction:**

The United States District Court For The Northern District Of Illinois, Eastern Division, The Honorable JAMES B. ZAGEL Presiding, is the **"sole-cause"**, from a legal standpoint, for the **IL**-legal and **UN**-constitutional Imprisonment of DUANE R. OLSON who is, by legal definition, **actually** and **legally innocent** of the "crime" for which the Court Imposed punishment on September 11, 1991.

This Court has jurisdiction to correct it's O W N **direct and proximate cause** of injury to the defendant/Petitioner/Applicant, DUANE R. OLSON, in aid of the Court's Own Respective jurisdiction and pursuant to the ALL WRITS ACT, Title 28, United States Code, Section 1651(a).

-4-

# THE ISSUE

The Official Transcripts and Records from the United States
Attorney's Office and the United States District Court, For
The Northern District of Illinois, Eastern Division, and Olson's
Indictment/Judgment/Commitment hereto attached, will provide
material evidence to support without objection, the Petitioner's
claim that United States District Judge, JAMES B. ZAGEL, knowingly,
and intentionally, did, on September 11, 1991, without jury
authorization . . . A R B I T R A R I L Y . . . Impose a 324-month Term
of Imprisonment upon the Person of the defendant/Petitioner,
DUANE R. OLSON, pursuant to the provisions and penalties pre-
scribed in Title 21, United States Code, Section 841(b) for;
". . .[a]ny person who violates subsection (a) of this subchapter",
which refers to "(a) Except as authorized by this subchapter",
which in turn, refers to the "Authorized activities" decribed
and classified in Title 21, United States Code, Section 822(b),
an **E V E N T** never described, classified, and set forth with
"certainty and precision" by government lawyers in their Indict-
ment of Olson, never charged by the SPECIAL APRIL 1990 GRAND
JURY, never admitted by Olson, never denied by Olson, never
proved "beyond reasonable doubt" by the government's lawyers,
and never F O U N D by a verdict of GUILTY by the petite jury
of Olson's peers . . .

-5-

While it is true, the incompetence of the government's
lawyer(s) and Olson's defense counsel were contributing factors
to the Court's "direct and proximate cause" at sentencing on
September 11, 1991, the fact remains, the Court knew, or should
have known, that the penalty prescribed by Title 21 U.S.C. § 841(b),
**M A N D A T E S** that Olson either ADMIT or the petite jury FIND
in a verdict of GUILTY, violation(s) of Title 21 U.S.C. § 822(b).

The "rare and exceptional circumstance" presented herein,
is **N O T** the "conviction" of an innocent person, **I T   I S   T H E**
**UN-authorized and arbitrary Primary-Sentence Imposed** upon the
**actually** and **legally innocent** Person of Duane R. Olson by the
United States District Court, Northern District of Illinois,
Eastern Division, The Honorable JAMES B. ZAGEL Presiding!

The instant case involves far more than the mere **failure**
to Charge an Essential Element of the Offense in the government's
indictment of Olson, it involves the government's lawyer(s)
"assuption" that Olson's activity was conducted in A MANNER
NOT AUTHORIZED by the Attorney General and the District Court's
"presumption" that the government's lawyer(s) "assumption(s)"
were correct . . . in effect . . . the District Court has "amended"
both the indictment and the verdict to be what the Court "pre-
sumed" it ought to be!

Assumption(s) and presumption(s) are **"good-law"** <u>until</u> they
are challenged as they are here by prima facia evidence to the
contrary, then, **Onus Probandi** becomes the Actor, and the burden

of proof "beyond reasonable doubt" shifts to the party(s) re-
lying upon the "assumption(s) and presumption(s)" to overcome
the challenge.

In this Republic, the accused is not required to solve
a "riddle" to determine the "[n]ature and cause of the accusation"
and at stake in this habeas corpus Pleading, are constitutional
protections and Amendment Guarantee(s) of surpassing importance;

The "cryptic nature" of the government's indictment of
Olson, required Olson to go to trial with the essential element
necessary to be proved "beyond reasonable doubt" for the Court
to inflict punishment . . . **undefined** . . . **absent** . . . already "assumed"
to be missing and "presumed" dead by the prosecution and the
Court!

It is difficult to imagine a case in which an indictment's
insufficiency resulted so clearly in the indictment's failure
to fulfill it's primary office . . . and now . . . the simplicity
of this agrument raises the inevitable question of W H Y must
it always be the layman who "unravels" the cryptic nature of
these statutes, where are the learned men and women of the legal
Community?

It should be crystal-clear already . . . to any reasonable
thinking person . . . that Olson's . . .

> "[c]onviction and punishment are for an act that the
> law does not make criminal.  There can be no room for
> doubt that such a circumstance 'inherently results in
> a complete miscarriage of justice' and 'present[s] ex-
> cetional circumstance' . . ."; Davis v. United States;
> 417 US 333, 41 L. Ed. 2d. 109 @ 119 S. Ct. 2298.

-7-

The proscription of any deprivation of Olson's Liberty
**without** the "bedrock due process" principles of the Fifth Amend-
ment and Olson's Guarantee that "[i]n all criminal prosecutions,
the accused shall enjoy the right to a speedy and public trial
by an impartial jury [and] to be informed of the **'nature'** and
cause of the accusation" languaged in the text of the Sixth
Amendment, that when taken together, indisputably entitle Olson
to "[a] jury determination" that Olson be F O U N D GUILTY of . . .
at the very least . . . the O N L Y element of the "crime" necessary
. . . indeed . . . **M A N D A T O R Y** . . . to trigger the penalties pre-
scribed in Title 21 U.S.C. 841(b) for violation(s) of the
"Authorized activities" defined and classified in Title 21 U.S.C.
§ 822(b)!

The unraveling of the cryptic language in Title 21 U.S.C.
§'s 821., 822., and 841 that follow, compared against the govern-
ment's Indictment of Olson, I S N O T whether it is enough to
describe the alleged offense in the language of the statute . . .
but it is self-evident, that the offense **has N O T been described
at all** . . . and consequently . . . it is axiomatic that "[t]he
jury's verdict alone" did N O T A U T H O R I Z E the District
Court to Impose a Primary-Sentence of 324 months Imprisonment
upon the defendant/Petitioner/Applicant Olson, who is, by legal
definition, **actually** and **legally innocent** of a violation of
Title 21 U.S.C. § 822(b).

-8-

### ARGUMENT and MEMORANDUM
#### of
#### C O N S T I T U T I O N   L A W

The Government's **THREE COUNT**, 5-page Indictment, endorsed by The SPECIAL APRIL 1990 GRAND JURY on July 26, 1990, Charged Olson and his Co-defendant, George A. Morris, with conduct in violation of Title 21, United States Code, Section(s) 841(a)(1) and 846, and Title 18, United States Code, Section 2.

COUNT ONE contained 2½-pages of 18-enumerated **mens rea** activities describing the alleged unlawful conduct, none of which "informed" the defendants of any **actus reus** or; "...[f]ully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished;" (<u>Russell v. U.S.</u>; 8 Led 2d, 240 @ 251, S. Ct. 1038.)

For demonstration purpose, COUNT TWO, below, **Figure I** . . .

**Figure I**

---

COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further Charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

**DUANE R. OLSON,**

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

---

The government's indictment of Olson, **Figure I**, endorsed by the Special April Grand Jury, **I S  A  S T A T E M E N T** alleging Olson's activity of "[k]nowingly distributing cocaine to be...[i]n violation of Title 21, United States Code, Section 841(a)(1)" . . . whatever that means.

To enter a bank during normal business hours, with a properly registered and loaded pistol, does not a crime make, but, to brandish that loaded pistol in A MANNER NOT AUTHORIZED . . . "drops the other shoe".

At this point, it is incumbent upon Olson to remind the Court, that Olson is neither a Registrant or Practitioner of either medicine or law.  (See AFFIDAVIT @ -i-)

Public Law: 91-513, Title II, PART D, Section 401., Codified as Title 21, United States Code, Section 841., in pertinent part below, **Figure II** . . .

**Figure II**

---

### PART D—OFFENSES and PENALTIES

**§ 841.  Prohibited acts A**

#### Unlawful acts

**(a)**  Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ——

    **(1)** to manufacture, distribute, or dispense, or, possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . ."

**(b)  Penalties**

  "...[a]ny person who violates subsection (a) of this section shall be sentenced as follows:

---

When interpreting the Essential Elements of a violation of Title 21, United States Code, Section 841(a)(1) for Practitioner(s) or registrant(s), federal courts agree . . .

> "As we interpret the statute **[§ 841(a)(1)]** it's elements are **(1)** a knowing or intentional attempt to distribute or dispense **(2)** a substance known to be controlled **(3)** I N A M A N N E R N O T A U T H O R I Z E D ..by this subchapter." **[§ 822(b)]** (Emphasis added) (See <u>U.S. v. Daniel</u>; 3 F. 3d. 775-778 (4<u>th</u> Cir. 1998)

It matters N O T . . . whether the "OFFENDER" is a practitioner, registrant, or Olson, the Essential **mens rea/actus reus** Elements of "[k]nowingly . . . [t]o distribute a controlled substance . . . [i]n a manner N O T authorized" D O E S N O T C H A N G E according to "One's station in life"!

To be intentionally repititious and make it clear to all, the Two Essential Elements that constitute a "complete-crime" in the instant case . . . I F indeed there I S a "crime" for any person N O T registered . . . are in TWO Separate and Distinctly Different statute(s), § 841(a)(1) and § 822(b), and the penalties prescribed in § 841(b) make it **M A N D A T O R Y** for the defendant to either ADMIT or the jury to FIND, "beyond reasonable doubt" a violation of Title 21 U.S.C. § 822(b) to"authorize" the district court to impose the punishment prescribed in Title 21 U.S.C. § 841(b).

## Figure III

---

**§ 822.   Authorized activities**

   **(b)**   Persons registered by the Attorney General under this subchapter to manufacture, distribute, or dispense controlled substances . . . [a]re authorized to possess, manufacture, distribute, or dispense such substances . . . [t]o the extent authorized by their registration . . ."

---

Careful analysis of Section 822(b), **Figure III,** reveal
that neither the statute or the Attorney General "authorize"
A N Y B O D Y  to distribute '[d]rugs or other substances' . . .
but rather . . .

Persons who make application, are qualified, and pay the
required fee, are registered by the Attorney General "[t]o
manufacture, distribute, or dispense" . . . '[d]rugs or other
substances' . . . **"[t]o the extent authorized by their registration".**

When interpreting a violation of Title 21, United States
Code, Section 841(a)(1) for practitioner(s) and registrant(s)
under Signed Contract with the Attorney General for federal
jurisdiction, federal prosecutor(s) interpret § 841(a)(1) to
mean . . .

**Figure IV**

> "[a] knowing or intentional attempt to dispense a controlled substance in a manner **NOT  AUTHORIZED
> BY  THEIR  REGISTRATION. . .**

But when interpreting a violation of Title 21, United
States Code, Section 841(a)(1) for Olson, who **IS  NOT** under
Signed Contract with the Attorney General for federal jurisdiction,
federal prosecutor(s) interpret § 841(a)(1) to mean . . .

**Figure V**

> "[a] knowing or intentional attempt to dispense a controlled substance in  a manner **NOT  AUTHORIZED
> BY  THE  ATTORNEY  GENERAL. . .**

It is **UN-**constitutional for Congress to enact Major Leg-
islation intended to "take-away" the Life, Liberty, or Property

-12-

of the People with a criminal statute that can be . . . **and is** . . . constructed to Operate in an **AC-DC** fashion to "go either way" . . . depending on the circumstance . . . **and Congress didn't!**

The interpretation in **Figure IV** is correct and constitutional . . . the interpretation in **Figure V** is a "Constructive Criminal **F R A U D !** "

While it is true that Title 21, United States Code, Section 885 states the government is "[n]ot required to negative any exemption or exception in . . . [t]his subchapter"; for those Person(s), Place(s), or Thing(s) registered and under Signed Contract for federal jurisdiction . . . **N O  O N E** of reasonable intelligence would even suggest, much less pretend, to argue that Congress has the Plenary Power to "legislate-away" Olson's "[r]ight to trial" or his Guarantee of "[d]ue process of law" to be "[i]nformed of the **'nature'** and cause of the accusation".

Aside from the undeniable fact that the Framer(s) of this Republic "We" like to call America would **never** endorse a Constitution for their **O W N** self-governing that would GRANT the Central Government the POWER to have tacit agreement . . . with each other . . . and Orchestrate an ACT of PROHIBITION and PUNISHMENT for the possession, brewing, and consuming the Framer's favorite beverage . . . **T E A** . . .

Title 21, United States Code, Section(s) 821., 822(a)(1) & (2)., 822(b)., 841(a)(1)., 841(b)., and 885., are **N O T** "[l]aws of the United States" that define, classify, and set forth

-13-

punishment for **offenses against the United States,** but rather . . .

21 § 821.

Authorizes the Attorney General; "[t]o promulgate rules
and regulations . . . [r]elating to . . . [t]he registration and
control **of regulated persons and of regulated transactions**"
of the persons who <u>voluntarily</u> . . .

21 § 822(a).

Make application, are qualified, pay the required fee,
and Sign a Contract with the Attorney General for federal juris-
diction . . .

21 § 822(b).

"[t]o manufacture, distribute, or dispense, '[d]rugs or
other substances' . . . **[t]o the extent authorized**" by their
Signed Contract, and . . .

21 § 841(a)(1).

describes the **mens rea** conduct contrary to the registrant's
Signed Contract, while . . .

21 § 841(b).

Sets forth the punishment for the registrant's "Material
Breach of Contract" . . .

That is to say then . . .

The statutes utilized by the government to arrest, pros-
ecute, and imprison Olson are **N O T "<u>Offenses against the United</u>
<u>States</u>"** . . . they are **"violations"** of the "rules and regulations

-14-

promulgated" by the Attorney General . . . **without force of law
over Olson!** (See AFFIDAVIT @ **-i-**)

**Syllabus:**

Neither "We the People" or Olson is required to "solve
a riddle" in order to "discover" the "nature of the accusation"
for which the accused must either admit, deny, or stand trial
for, and the fact that the CRYPTIC-NATURE of the text in § 821,
§ 822(a)(1) & (2), § 822(b), § 841(a)(1), § 841(b), and § 885,
are "riddles" is self-evident . . . unless . . . the Court is pre-
pared to admit . . . they have known it all along?

**WHETHER** Congress' exercise of the 'benign' "necessary and proper
clause" for "[f]ederal control of the int **r a** state incidents"
simultaneously served as an "automatic-out" for Olson who is
**N O T** a Member of the "regulated-class" doesn't matter, or . . .

**WHETHER** Congress has Power to "authorize" the Attorney General
to "[p]romulgate rules and regulations" intended to achieve
**indirectly** an ACT of Nationwide PROHIBITION, which Congress
is FORBIDDEN . . . constitutionally . . . to achieve **directly**,
doesn't matter, or . . .

**WHETHER** the government's **failure** to **"inform"** Olson of the
"[n]ature of the accusation" was **F A T A L**, doesn't matter, or . . .

**WHETHER** there is **A N Y** Congressionally enacted federal criminal
statute, or [l]aws of the United States, or Common Law, **standing
alone,** that would make it a federal crime for Olson to distribute

-15-

ANYTHING NOT EXPRESSLY PROHIBITED OR FORBIDDEN
BY LAW...**doesn't really matter**...

**What matters is**...

On September 11, 1991, the United States District Court,
For The Northern District Of Illinois, Eastern Division, The
Honorable District Court Judge, JAMES B. ZAGEL Presiding, Imposed
a term of 324 months Imprisonment upon the defendant/Petitioner/
Applicant, DUANE R. OLSON, based **solely upon "assumption(s)
and presumption(s)"** and...

> "...[t]he jury's verdict alone does not authorize
> the sentence". <u>Booker</u>

---

**Relief Requested:**

For the United States District Court, Northern District
Of Illinois, Eastern Division, The Honorable JAMES B. ZAGEL
Presiding; to exercise "strict-scrutiny" and take **JUDICIAL
NOTICE** pursuant to the Rules Of Evidence For United States
Courts And Magistrates, Rule 201., of  this Court's **OWN**
Adjudication Of Sentence Imposed upon the defendant, DUANE
R. OLSON, on September 11, 1991 in <u>United States of America
Versus Duane R. Olson</u>; Case No:  90 CR 577, and for the Court
to "[d]ispose of the matter as law and justice require".

Respectfully submitted,

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

**-16-**

# CERTIFICATE OF SERVICE

    I hereby Certify that a TRUE and CORRECT copy of the foregoing Petition For An Extraordinary Writ and Application For Writ Of Habeas Corpus was mailed, postage pre-paid, to the following interested party(s) . . .

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60606

THE HONORABLE ALBERTO GONZALEZ
ATTORNEY GENERAL
U.S. JUSTICE DEPARTMENT
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20530

THE UNITED STATES ATTORNEY
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60606

    I DECLARE, under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that a TRUE and CORRECT were mailed to the above listed parties.

Executed on this _29TH_ day of _AUGUST_ 2005.

Affiant — 

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "G"
Federal Correctional Institution
Miami, Florida  33177

3 wee      9/4 A5
                              M.t,

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS        JUL 26 1990 ___ 9/18 Cov
EASTERN DIVISION                                       Ro.p.w

                                          ZAGEL
                                                            9/25/
UNITED STATES OF AMERICA           )                      s't.t2.s
                                   )
          v.                       )     No.   90 CR 577
                                   )     Violations:   Title 21,    4.60
DUANE R. OLSON,                    )     United States Code,
     also known as Duke,           )     Sections 846 and 841(a)(1),
     (hereinafter in this indictment )   and Title 18, United
     referred to only as           )     States Code, Section 2
     Duane R. Olson), and          )
GEORGE A. MORRIS                   )

                          COUNT ONE

     The SPECIAL APRIL 1990 GRAND JURY charges:

     1.   From on or about January 30, 1990, until on or about June

26, 1990, at Chicago and Lombard, in the Northern District of

Illinois, Eastern Division, and elsewhere:

               DUANE R. OLSON and
               GEORGE A. MORRIS,

defendants herein, did conspire with each other and with others

unknown to the Grand Jury, knowingly and intentionally to possess

with intent to distribute and to distribute approximately 17

kilograms of mixtures containing cocaine, a Schedule II Narcotic

Drug Controlled Substance, in violation of Title 21, United States

Code, Section 841(a)(1).

     2.   It was part of the conspiracy that defendants DUANE R.

OLSON and GEORGE A. MORRIS, possessed with the intent to distribute

and distributed quantities of mixtures containing cocaine.

     3.   It was further part of the conspiracy that on or about

June 21, 1990, defendant DUANE R. OLSON distributed approximately

250 grams of cocaine to another person (hereinafter "cooperating individual"), who was secretly cooperating with the United States Drug Enforcement Administration and was posing as a drug dealer, in exchange for $6,500 in cash.

4.   It was further part of the conspiracy that on or about June 22, 1990, defendant DUANE R. OLSON met with the cooperating individual, and negotiated to sell the cooperating individual kilogram quantities of cocaine.

5.   It was further part of the conspiracy that on or about June 22, 1990, defendant GEORGE A. MORRIS drove from the Northern District of Illinois to Florida to pick up kilograms of cocaine.

6.   It was further part of the conspiracy that on or about June 25 and 26, 1990, defendant GEORGE A. MORRIS drove a car containing approximately 16 3/4 kilograms of cocaine from Florida to Lombard, Illinois.

7.   It was further part of the conspiracy that on or about June 26, 1990, defendant DUANE R. OLSON and GEORGE A. MORRIS showed approximately 9 3/4 kilograms of cocaine to the cooperating individual.

8.   It was further part of the conspiracy that on or about June 26, 1990, defendant GEORGE A. MORRIS, while in possession of the 9 3/4 kilograms of cocaine, met with the cooperating individual for the purpose of delivering the cocaine to the cooperating individual in exchange for $253,000.

9.   It was further part of the conspiracy that on or about June 26, 1990, defendants DUANE R. OLSON and GEORGE A. MORRIS

2

possessed an additional quantity of cocaine, approximately seven kilograms, which they intended to sell at a later date.

10.   It was further part of the conspiracy that the defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy and used coded language, surveillance and counter-surveillance techniques, and other means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the conspiracy.

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

### DUANE R. OLSON,

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

4

## COUNT THREE

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 26, 1990, at Lombard, in the Northern District of Illinois, Eastern Division,

> DUANE R. OLSON and
> GEORGE A. MORRIS,

defendants herein, knowingly and intentionally possessed with intent to distribute approximately 16 3/4 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.


A TRUE BILL:


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY


SPS:kjo


5

# United States District Court

Northern _____ District of _____ Illinois _____
Eastern Division

UNITED STATES OF AMERICA

v.

DUANE R. OLSON

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 90 CR 577-1

Gregory Schlesinger
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __one, two, and three_____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy | 6/90 | 1 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 2 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 3 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984..

☐ The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __150.00_____, for count(s)
__1,2,3_____, which shall be due ☒ immediately   ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 12/7/28

Defendant's Mailing Address:

71 W. Van Buren Street

Chicago, IL  60605

Defendant's Residence Address:

SAme

September 11, 1991
Date of Imposition of Sentence

Signature of Judicial Officer

JAMES B. ZAGEL, U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

September 23, 1991
Date

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:    OLSON, Duane R.                          Judgment—Page  02  of  04
Case Number:  90 CR 577-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __THREE HUNDRED TWENTY-FOUR (324) MONTHS__
Said term of imprisonment to be served concurrently on each of counts 1,2 and 3.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district;
   ☐ at _____ a.m. p.m. on _____
   ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States marshal.
   ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____