# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARK FILIP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5099 | **DATE** | 9/20/05 |
| **CASE TITLE** | Duane R. Olson (04931-424) v. United States of America | | |

**DOCKET ENTRY TEXT:**

The court summarily dismisses the petition for an extraordinary writ and application for writ of habeas corpus pursuant to the All Writs Act, Title 28 U.S.C. § 1651(a), under Rules 1(b) and 4 of the Rules Governing Section 2255 Cases.

*/s/ Mark Filip*

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Duane R. Olson brings this *pro se* petition for an extraordinary writ and application for writ of habeas corpus pursuant to the All Writs Act, Title 28 U.S.C. § 1651(a). He alleges that Judge James B. Zagel sentenced him to a term of imprisonment of 324 months which was not authorized by Title 21 U.S.C. § 822(b). Because Olson's pleading was styled as an application for writ of habeas corpus, it was assigned by lot pursuant to Local Rule 40.1(a), rather than being assigned to Judge Zagel.

Olson was convicted on October 2, 1991 (*United States v. Olson*, No. 90 CR 577-1 (N.D.Ill.)), and his conviction was affirmed by the Court of Appeals on November 5, 1992 (*United States v. Olson*, 978 F.2d 1472 (7th Cir. 1992)). Olson filed a motion to vacate, set aside or correct sentence by a person in federal custody on March 22, 1996, which he moved to dismiss without prejudice on June 3, 1996. Judge Zagel granted the motion on June 10, 1996. Olson filed another motion to vacate, set aside or correct sentence by a person in federal custody on August 4, 1997. Judge Zagel dismissed the motion on September 2, 1999. Olson appealed, and the Court of Appeals vacated the district court order dismissing the successive collateral attack as untimely and remanded the case with instructions that the court must dismiss the case for lack of jurisdiction on September 8, 2000. Olson filed another motion pursuant to 28 U.S.C. § 2255, which was filed in case number 01 C 1556, on March 5, 2001. Judge Zagel denied the motion on March 19, 2001, for lack of jurisdiction because Olson had not been approved to proceed by the Court of Appeals. Olson did not file a Notice of Appeal until March 7, 2005. Judge Zagel denied the certificate of appealability, and the Court of Appeals dismissed the appeal for lack of jurisdiction on June 2, 2005. Notwithstanding the results of these prior proceedings, Olson has now filed this petition for an extraordinary writ.

| Courtroom Deputy Initials: | CLH |
|---|---|

## STATEMENT

The All Writs Act, 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has held that "'the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)).

In the instant case, Olson's petition for an extraordinary writ is an improper attempt to challenge his conviction outside of the procedures established by law. Regardless of what he has called it, this petition fits within the ambit of a motion to vacate sentence pursuant to 28 U.S.C. § 2255, that is, Olson is a prisoner in federal custody under the sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, and that the federal court was without jurisdiction to impose such sentence, and that the sentence was in excess of the maximum authorized by law. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (a post-conviction filing that fits the description of a motion to vacate under § 2255 is a "motion to vacate" regardless of what the defendant captions the filing).

A § 2255 motion is filed "in the criminal action in which was entered the judgment to which it is directed." Rule 3(b), Rules Governing Section 2255 Proceedings. Olson has already filed a § 2255 motion, as noted above. Before a district court entertains a second or successive motion filed under § 2255, however, it must be certified by a panel of the appropriate Court of Appeals to contain newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(a). Olson therefore must have any second or successive § 2255 motion certified by a panel of the Seventh Circuit before the district court may hear it. If Olson succeeds in having the Court of Appeals allow his successive § 2255 to be heard, it will then be before Judge Zagel.

Accordingly, after preliminary review, the court summarily dismisses the petition for an extraordinary writ and application for writ of habeas corpus pursuant to the All Writs Act, Title 28 U.S.C. § 1651(a), under Rules 1(b) and 4 of the Rules Governing Section 2255 Cases.