# ESSAY

August 21, 2006                                              by: Duane R. Olson

## The "necessary and proper clause"

> "[h]undreds of cases have been decided by various courts upon reasoning which reduces to nothing more than... [t]he seductive capacity of words to obscure analysis of concepts." —Professor David E. Engdahl—

Without arrogant intent, the Writer would offer his interpretation of the "necessary and proper clause" as it relates to the **manner** in which the Government of the United States conducts America's "W A R on D R U G S", assisted without shame, by the plagiarism of the Excellent Writings and Explanations of Professor David E. Engdahl in his book; "CONSTITUTIONAL FEDERALISM" pages 1- thru 137, Nutshell Series, Published by West Law.

First...

    The term **"legitimate"** as used in this ESSAY, must not be misunderstood. It refers to those concerns which are designated by the Enumerated Clauses themselves in Article I, Section 8, of the Constitution for the United States.

    Various "powers" are given to each of the federal branches of the federal government; and from the very start, it has been

RECEIVED
AUG 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

fundamental doctrine that this "[g]overnment is***one of enumerated powers". McCulloch v. Maryland; 4 Wheat (17 U.S.) 316, 405 (1819).

The federal government does not have in **ANY** of it's branches, **ANY** "inherent" or "intrinsic" domestic governing power.

The fact that alcohol or drug abuse and second-hand smoke from tobacco products may "cry-out" for National attention and a solution, does not mean that the federal government, **without constitutional amendment**, has any **legislative jurisdiction** to deal with those matters of 'federal concern'.

Ending the list of Eighteen Enumerated Powers, Article I, Section 8, of the Constitution, is clause 18, commonly referred to as the "necessary and proper clause", giving Congress the Power;

> "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers...."

---

No single clause in the Constitution is more important than this clause, and none more frequently has been misconstrued or mis-applied as in the Example that follows herein:

In order to Exercise their Power; "[t]o regulate Commerce with foreign Nations, and among the several States," for a Closed-Commercial-System of transactions in drugs and other substances;

The Ninety-First Congress enacted Major Legislation that authorized the Attorney General "[t]o promulgate rules and regulations... relating... to the registration and control of reg-

ulated persons and of regulated transactions" in drugs or other substances in an attempt to discourage persons from engaging in such transactions and thereby, address the Nation's "problem" of drug-abuse.    [21 USC § 821/§ 822]

Congress' regulation of commerce in drugs or other substances is a **"legitimate"** federal concern, Article I, Section 8, clause 3. and while Congress' desire to discourage "drug-abuse" is undoubtably a federal concern, it is none the less, **"extraneous"** to any **"legitimate"** federal concern.  That is to say, Congress has no "inherent", "intrinsic" or Specific "Enumerated Power" to deal with the "problem" of this Nation's drug-abuse!

It would further promote Congress' "extraneous" objective to combat drug abuse, **I F** Congress prescribed penalties for **'any person'** engaging in those transactions and to even punish **'any person'** for the actual or constructive possession of drugs or other substances since such possession is necessary for any transactions to occur.    [21 USC § 841(a)(1)/§ 841(b)]

However, **there is no way...<u>constitutionally</u>...to justify** an Act of federal regulation that would PROHIBIT, FORBID, or make it "[u]nlawful for **'any person'"** to pull a weed and smoke it!

The possession or use of marijuana for example, is **"extraneous"** to the **"legitimate"** federal concern of regulating interstate and foreign commerce in drugs and other substances.

To regulate and/or punish **'any person'** **NOT** registered by the Attorney General and under Signed Contract for federal reg-

ulation and federal jurisdiction in the Closed Commercial System of traffic in drugs or other substances, would require Congress' Application of the "necessary and proper clause"...which... Congress did:

**21 USC § 801.**

> (5) "Those substances manufactured or distributed on a purely intrastate basis cannot be differentiated from those manufactured or distributed for interstate commerce..."

And the Ninety-First Congress Exercised their Power; "[t]o make all laws necessary and proper" for;

> (6) "Federal control over intrastate traffic in controlled substances [for] effective control over incidents of interstate traffic..."

**HOWEVER...**

That Application of the "necessary and proper clause" by the Ninety-First Congress...**ONLY** supports Congress' **"legitimate"** federal concern for control of interstate/intrastate transactions in drugs or other substances by..."Persons registered by the Attorney General". [21 USC § 822(b)]

Drug abuse by **'any person'** is an **"extraneous"** federal concern and can **ONLY** be reached by the "necessary and proper clause" **IF...** the clause had a **period after the word "proper"!**

Article I, Section 8, clause 3.,

> "Congress shall have Power...[t]o make all laws which shall be necessary and proper[.]

To be precise . . .

It shouldn't require a Doctorate in Constitution Law, for any reasonable thinking person to understand that . . . **except by Amendment to the Constitution** . . . Congress has absolutely **N O P O W E R** or **'legislative jurisdiction'** to enact Major Legislation that would **PROHIBIT** "same sex marriage", **FORBID** "burning the 'stars and stripes'", or make it **"UNLAWFUL"** for 'any person' to plant, cultivate, harvest, and consume, by whatever method, and for whatever purpose, melons or marijuana . . . and . . . here's the good news/bad news . . . the Ninety-First Congress didn't . . . the Attorney General and the Supreme(s) did!

It is not the subject matter of melons, marijuana, or drugs and other substances that's the Issue here . . .

It is the People's Perpetual Protection Secured by the Constitution and Guaranteed by the Original Ten (10) Articles of Amendment thereto that this ESSAY addresses!

                                                _____

                                                       Duane R. Olson