## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DUANE R. OLSON,                          :
                                         :
        Plaintiff,                       :
                                         :
    v.                                   :    Civil Action No. 06-0565 (JR)
                                         :
UNITED STATES OF AMERICA,                :
                                         :
        Defendant.                       :


## MEMORANDUM

Plaintiff *pro se* Duane Olson is incarcerated at the Federal Correctional Institution in Miami, Florida, serving a 27 year sentence for violations of the Controlled Substances Act, 21 U.S.C. §§ 846 and 841.  In his complaint, he asks this court to address alleged constitutional infirmities in the phrase "any person" found in 21 U.S.C. § 841; this he describes as a "federal question" under 28 U.S.C. §§ 1331 and 1343(a)(3).  Complaint at 2.  Plaintiff argues that, under its common interpretation, the scope of the statute exceeds Congress's power to legislate under the Commerce Clause and is unconstitutionally broad.  Id. at 4. He seeks declaratory judgment against the United States under 28 U.S.C. § 2201.  Id. at 2.  After careful consideration of the record in this case, I find that this court lacks jurisdiction over Mr. Olson's claims, and that the government's motion to dismiss should therefore be **granted.**  The reasons for this ruling are explained below.

Federal district courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Sheldon v. Sill, 49 U.S. 441, 449 (1850) ("Courts created by statute can have no jurisdiction but such as the statute confers."). Mr. Olson, frustrated with the government's focus on jurisdictional issues and anxious for a legal opinion addressing the merits of his arguments, passionately insists that it is my duty to interpret the Constitution, and so it is – but only in a case that is properly within my jurisdiction, and that presents a constitutional claim upon which relief can be granted.

This is not Mr. Olson's first lawsuit. Courts have interpreted similar claims in Mr. Olson's previous cases as disguised collateral attacks on his original convictions. See Order in 03-0128, attached as Ex. 6 to Mot. to Dismiss at 3; Order in 04-0246, attached as Ex. 8 to Mot. to Dismiss at 3. The government characterizes the present complaint as a disguised collateral attack; plaintiff denies it. Mot. to Dismiss at 5-6; Plaintiff's Opp. to Mot. to Dismiss at 5-6. If the government's characterization is correct and Mr. Olson's claims are simply further collateral attacks on his original convictions, they may be resolved only on direct review of his convictions or via a motion pursuant to 28 U.S.C. § 2255. If I accept Mr. Olson's

insistent statement that he seeks only a declaratory judgment and "no opinion of relief for either the plaintiff or the defendant," Plaintiff's Opp. to Mot. to Dismiss at 6, then there is no claim before me upon which relief can be granted. Mr. Olson has identified no particularized injury attributable to the statute that he alleges is unconstitutional, and, if he is not seeking to disrupt his conviction, a favorable court decision will not address any injury this court might imagine. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-64 (1992).

The complaint must be dismissed, for want of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted, or both. An appropriate order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge